GEORGE A. STILL v. JOHN M. CANNON.

(Filed January 12, 1904.)

1. **SALE OF CHATTELS.** Sale of a chattel is a contract and subject to all the general principles of law relating to contracts. The mere transfer of possession of a chattel is not a sale, nor is a contract to transfer possession a sale.

2. **SAME—Defined.** To constitute a sale the general property in the thing is transferred, rather than the thing itself, and is transferred for a consideration moving from the purchaser to the seller.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*W. L. Baxter,* for plaintiff in error.

*Blake, Blake & Beeks,* and *John Livingston,* for defendant in error.

### STATEMENT OF FACTS.

The agreed statement of facts contained in the record in this case, taking as it does the place of a finding of facts by the trial court, leaves for this court only the duty of applying the law to the facts thus determined.

This statement of facts, in so far as it relates to the questions in controversy, reads as follows:

"That for a long time prior to the order of attachment upon the property involved in this action the said property had been in the care and possession of one A. Lee, a liveryman who kept a boarding stable in the city of El Reno, in said county and territory; that a short time prior to the service of the said order of attachment upon the property involved herein, and the taking of the same under the said order, and while the property was in the possession of the said liveryman, Mrs. B. F. Still, the wife of B. F. Still, the attachment defendant herein above mentioned, acting as the agent of B. F. Still in the control of the said property, telephoned to the said A. Lee, and asked the said A. Lee to turn the said property involved herein over to the plaintiff herein, George A. Still, and to let the said George A. Still have it when he called for it, and that the said A. Lee answered to the said Mrs. B. F. Still that he would do so.

"That thereafter and until the said property was attached the said property, to-wit, one gray horse, one set of harness and one surrey carriage, all of the actual value of $106, remained in the possession of the said A. Lee under

exactly the same circumstances as before the said telephone message was received, and without any actual or apparent change of location, position, possession or control, except as above stated.

"That at the time of the service of the attachment order herein, the said B. F. Still was indebted to the said George A. Still in the sum of $200 or more. That some six months before the service of the said order of attachment, and while the said indebtedness existed it had been agreed by the said B. F. Still and George A. Still that the property involved herein should be turned over to the said plaintiff herein on the said indebtedness.

"That just prior to the service of the said order of attachment, the said George A. Still went to the said A. Lee, and told him, the said Lee, that the property involved herein had been turned over to him and for the said Lee to hold the same for him and charge the keeping of the same to him, which the said Lee agreed to do, and from that time the said keeping of the said property was charged to the said George A. Still and feed bills paid for by him.

"That demand was made for the possession of said property before the filing of this replevin action for the recovery of the property involved herein."

Opinion of the court by

GILLETTE, J.: Under this statement of facts but one question is presented to this court: To whom did the horse, carriage and harness belong at the time of the seizure thereof by the sheriff under the writ of attachment? No question of fraud or fraudulent purpose, or lack of good faith in any respect, or of the agency of Mrs. Still, is raised or presented in the case. Did the agreement between B. F. Still and George A. Still and the subsequent statement and direction of George A. Still to Lee and his acquiescence therein con-

stitute a change of ownership as against an attaching creditor of B. F. Still? This question must be answered in the negative.

The theory upon which the case is presented to this court by the plaintiff in error is that there had been a sale and delivery of the property in question by B. F. Still to George A. Still before the levy of the attachment writ. Our attention is therefore invited to the doctrine of sale of personal property. The only language in the "agreed statement of facts" bearing upon this question is found in the following clause, viz.:

"That at the time of the service of the attachment ordered herein, the said B. F. Still was indebted to the said George A. Still in the sum of $200 or more. That some six months before the service of the said order of attachment and while the said indebtedness existed it had been agreed by the said B. F. Still and George A. Still that the property involved herein should be turned over to the said plaintiff herein on the said indebtedness."

In a late and eminent work on sales it is said:

"In the first place, a sale is a contract and therefore, subject to all the general principles of law relating to contracts. The mere transfer of a chattel is not a sale, nor is a contract to transfer a chattel a sale. To constitute a sale the general property in the thing is transferred, rather than the thing itself, and it is transferred for a price measured in money or money's worth, as a sum.

"A sale implies a price in a sum of money, a measure of value.

"Again, a contract to sell, that is, in future, is no more a sale than a contract to marry is a marriage." (Burdick's Elements of Sales, sec. 1.)

"A price is one of the essential elements of the contract of sale. And the price must be certain, or capable of being made certain. If left to be fixed by the vendor or vendee the sale is void." (Hilliard on Sales, page 169.)

Nowhere in the record is there any intimation of the price George A. Still was to allow B. F. Still for the property in question. When it is said it "should be turned over to plaintiff herein on the said indebtedness," the inference is irresistible that it did not, and was not intended to extinguish the debt. If it did not then how much of it was paid or satisfied? Manifestly this is left wholly to conjecture.

But a more serious phase of this part of the transaction between B. F. Still and George A. Still is encountered in the utter silence of the record as to whether any credit was ever at any time given by George A. upon the indebtedness. For aught that appears, that account yet stands just as it did before the conversation about turning over the property on that indebtedness, and if this is so, then one element of a sale is wholly lacking, for as stated no contract of sale can exist without a "price in a sum of money, a measure of value."

It is to be presumed that the agreed statement of facts contains all that transpired between B. F. and George A. Still in reference to the transfer of the property to George A., and from this it appears that six months before the levy of the attachment, it was agreed between them that the property should be turned over to George A. on the indebtedness of B. F. Still to him. This it must be conceded was merely an executory agreement which was lacking in many of the essential elements of a sale of the property, and conveyed no title to George A. Still. George A. Still could not

take possession of it by force of the agreement, and did not attempt to do so for a period of six months, and until about the hour of the attachment levy, when under authority of Mrs. Still, wife and agent of B. F. Still, and with no agreement as to price (so far as the record discloses) he notified the bailee, Mr. Lee, that henceforth he (Lee) should hold said property for him and charge the keeping to him. This we think cannot be held to be a sale or transfer in good faith sufficient to avoid the rights of attaching creditors, as it is wholly lacking in one of the essential elements, that of an agreed consideration.

Let it be admitted that the property was in the possession of George A. Still at the time of the attachment levy, yet, that possession, obtained as disclosed by this record, did not carry with it the title to the property so as to protect it from the claims of a creditor of B. F. Still.

The judgment of the district court will be affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.