FREEMAN, Respondent, vs. MORRIS and another, Appellants.

*November 14, 1906—April 9, 1907.*

*Wills: Contract to bequeath property: Consideration: Enforcement: Parties: Indefiniteness of agreement.*

1. The privilege of naming a child is a sufficient consideration to support a contract to bequeath property to the child.
2. When the privilege of naming a child has been given by its parents to a third person in consideration of a contract by the latter for the benefit of the child, the child may afterwards ratify the transaction and enforce the contract.
3. An agreement to devise or bequeath something to a person, no particular property or sum being specified, is invalid for indefiniteness and uncertainty; and such infirmity is not removed by subsequent statements, made to third persons by the person so agreeing, that he was going to bequeath a certain sum, nor by wills executed by him containing a bequest of that sum, where such wills were revoked by a later will wholly omitting such bequest.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

The plaintiff's mother, Catherine La Fleur Freeman, is a niece of Reinard R. La Fleur. These parties resided in La Crosse county for many years prior to Reinard R. La Fleur's

death. A few days after plaintiff's birth Reinard R. La Fleur came to the home of her parents and requested that he be given the privilege of naming her, and asked them to bestow on her the name of his deceased wife, *Martha*. She had died in Holland prior to his removal to this country. It was thereupon agreed by plaintiff's parents and Reinard R. La Fleur that he should have the right and privilege of bestowing upon plaintiff the name of *Martha*, and in consideration thereof Reinard R. La Fleur promised and agreed to give, leave, devise, or bequeath something to her; that is, some property. Pursuant to such agreement plaintiff, with the consent of her parents, was named *Martha* by him, and she has ever since borne and retained, and is known by, the Christian name of *Martha*. At the time this agreement was made and the name so given to plaintiff by Reinard R. La Fleur with the assent of her parents, no specific property nor any specified amount was designated or agreed upon by the parties. At various times after the name was so adopted and given to the plaintiff by the parties, Reinard R. La Fleur stated to third parties that he was going to give and devise to plaintiff the sum of $500 for the privilege of having so named her, and he inserted a provision in three wills, made by him after so naming plaintiff, whereby he bequeathed to her $500. He revoked all these wills, and his last will contained no bequest to plaintiff, but wholly omitted to mention her. He died on or about October 4, 1903, without having paid or given plaintiff anything for the privilege of naming her *Martha*, under the agreement with her parents. He left an estate sufficient to pay the sum of $500, now demanded by plaintiff as due her under the agreement under which he exercised the right and privilege of naming her. The circuit court awarded judgment in plaintiff's favor and against the defendants, as executors of the will of Reinard R. La Fleur, deceased, for the sum of $500 and costs, upon the ground that such amount was due the plaintiff under the agreement to name her *Martha*, so made by the de-.

ceased and her parents.    This is an appeal from such judgment.

For the appellants there was a brief by *Morris & Hartwell,* and oral argument by *Thomas Morris.*

*William S. Burroughs,* for the respondent.

The following opinion was filed December 4, 1906:

SIEBECKER, J.    It is not seriously contested but that the privilege of naming plaintiff, given the testator by her parents, was a valuable one in the eye of the law, and that it has been treated as a sufficient consideration to support a contract in respect to it.    This subject was considered, and such privilege held a valid consideration for a contract based on it, in the following decisions: *Babcock v. Chase,* 36 N. Y. Supp. 879; *Parks v. Francis's Adm'r,* 50 Vt. 626; *Wolford v. Powers,* 85 Ind. 294; *Eaton v. Libbey,* 165 Mass. 218, 42 N. E. 1127; *Daily v. Minnick,* 117 Iowa, 563, 91 N. W. 913.    These and other authorities cited therein also support the proposition that, though the privilege of naming a child may be one which is regarded as belonging to the parents as the natural guardians of the child, they may waive it and bestow the benefit derived from it on the child, and, when so bestowed in a contract with a third person, it rests on such privity between the parent and child as to enable the child to ratify the transaction and enforce the contract in its favor.    See cases cited above.

It is contended that the court erred in finding the contract between plaintiff's parents and the testator was a sufficient and enforceable one.    In support of the claim it is averred that the terms of the agreement shown by the evidence were so indefinite and uncertain that they cannot be ascertained and enforced.    The agreement proven and found by the court is that testator promised and agreed with the plaintiff's parents that, if he were accorded the privilege of naming the child, he would in consideration thereof leave her something at his

death, and that this was understood by the parties that he would give, devise, or bequeath to her some of his property. It is undisputed that testator named plaintiff pursuant to this arrangement and at various times stated to third persons that he was going to leave her some of his property for having had the privilege of bestowing on her the name *Martha*. He provided for a bequest of $500 to her in three wills made by him; but these were revoked before he made and executed his last will, wherein she is wholly omitted as a beneficiary. From an examination of the terms of the agreement upon which plaintiff predicates her claim, it is apparent that they wholly omit to specify any amount or particular property as agreed upon to be left to plaintiff by testator. This leaves absolutely indefinite and uncertain what plaintiff was to receive. It is true the agreement specified that he would leave plaintiff something, but what that something was to be it is simply impossible to ascertain, and, if it be claimed to apply to money, then we approach no nearer to definiteness, and are still as to the particular amount within the field of uncertainty. The terms give us no standard, either expressly or by necessary implication, by which performance of the agreement can be measured.

It is contended, however, that testator removed this difficulty by fixing $500 as the amount he would leave plaintiff under his agreement, and that this made it a definite and certain consideration. This claim is based upon the facts that he made such declarations to third persons and in wills which he revoked before his death. The terms of the agreement, however, are not that plaintiff was to receive such property or sum of money as testator might suggest to third persons or specify in a will made by him. The agreement contains nothing to show that any such designation was to bind testator and make such specification the amount agreed upon by the parties. Its terms wholly fail to determine the amount or to provide a means by which it can be ascertained or measured. We

·receive no such aid from testator's conduct or declarations as .removes the infirmities inherent in the contract, and must hold it invalid for indefiniteness and uncertainty. *Adams v. Adams,* 26 Ala. 272; *Walls's Appeal,* 111 Pa. St. 460, 5 Atl. 220; *Daily v. Minnick, supra.* ′

*By the Court.*—Judgment reversed, and the cause re- ·manded with directions that the circuit court award judgment ·dismissing the complaint.

TIMLIN, J., took no part.

A motion for a rehearing was denied April 9, 1907.