Inglis, Respondent, vs. Fohey, Executrix, and others, Appellants.

*May 9—June 5, 1908.*

*Contracts: Vendor and purchaser of land: Specific performance: Indefiniteness: Description of land: Practical construction by parties: Time of performance: Tender and demand: Dower rights: Temporary injunction preserving* status quo.

1. Although a written agreement to convey land is in some respects indefinite or ambiguous, if, by aid of evidence showing the situation and surroundings of the parties at the time and their subsequent acts, if any, construing the terms of the writing, the court can with reasonable certainty determine the meaning intended by the parties, the contract will not be allowed to fall, but will be construed in the light of such evidence and will be enforced as so construed if there is no other fatal objection to it.

2. Indefiniteness in a written agreement in respect to the land intended to be covered by it is *held* in this case, not to prevent the enforcement of specific performance, there having been a practical location of the premises by the acts of the parties, including the employment of a surveyor who, at the request of both parties, made a survey, set stakes, and made a plat, and delivery of the plat, with an order for abstracts, to the agent of the former owner from whom it was expected each party would receive title directly to his share of the land under their agreement.

3. The fact that the time of performance is not fixed in a written agreement does not prevent the enforcement of specific performance, the legal implication being that it was to be performed within a reasonable time.

4. Any defect in the tender of the purchase price or in the demand for a deed is immaterial where the vendor has utterly repudiated the contract to convey.

5. Where a husband who had a mere contract for the purchase of land, upon which he had paid nothing, agreed to divide the land with a third person, the right of such third person to demand a deed of his part when the husband received title to the whole was prior and superior to any right of dower.

6. Defendant, having a contract for the purchase of land, agreed to divide the land with plaintiff, and received $25 to secure the agreement, to be returned to the plaintiff when contract should be entered into with the original vendor; but defendant afterwards received title to the whole premises. *Held*, that the condition for the return of the $25 had ceased to exist, and upon compelling conveyance by defendant of plaintiff's share of the land the $25 was properly treated as having been paid to defendant thereon.

7. In the action to compel such conveyance, plaintiff being in possession, as tenant of the original vendor, of that part of the land which he asked to have conveyed, it was proper by injunctional order to restrain the defendant from interfering with such possession, plaintiff being also required to pay a monthly rental into court to abide the event of the action.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This is an action by the vendee to enforce specific performance of an alleged written contract to convey certain premises in the city of Milwaukee. The action was origi-

nally brought against Henry Fohey and *Rosa Fohey,* his wife, but Henry Fohey having died after judgment, and his wife having been appointed executrix of his will, the action was revived in this court in her name as executrix.

The defendant Henry Fohey answered, admitting the execution of two written instruments, but denying that they amounted to an enforceable contract, and alleging that if any contract was made it was merely verbal and hence void. Upon the trial the facts were not greatly in dispute and may be stated in substance as follows:

On and for some time prior to April 28, 1906, the Wisconsin National Bank of Milwaukee owned two adjoining lots, numbered 8 and 9, in the subdivision of that part of block 9 in Clark's addition to Milwaukee lying north of National avenue. There was a brick house on lot 8, which was numbered 1018, and a frame house on lot 9, which was numbered 1020, National avenue, beside a small frame cottage on the back end of the property fronting on Twenty-first avenue. The plaintiff for several years had occupied the brick house on lot 8, numbered 1018, as a tenant of the bank. The Wisconsin Trust Company was acting as agent of the bank for the sale of the entire premises, and on the 28th day of April, 1906, the defendant Henry Fohey entered into a written contract with the bank, by which the bank agreed to convey the premises to him upon the payment of $8,000. On the evening of the same day, which was Saturday, Fohey and the plaintiff met and discussed the question of a joint purchase of the premises, and as a result of that discussion executed the following agreement:

"Mil., April 28, 1906.

"We, the undersigned, hereby agree to divide the property numbered 1018 National avenue, brick house, and 1020 National avenue. *Mr. Inglis* to have the property west of the line of Mr. Albright's property enough feet to take brick house and eaves with one foot added or 32 inches from wall

of bay window.   Mr. Fohey to have all land west of said 32 inches and pay $3,775.00 (three thousand seven hundred and seventy-five dollars).   *Mr. Inglis* to pay $4,225.00 (forty-two hundred twenty-five dollars) for the property described.

"HENRY FOHEY.
"CLEM INGLIS."

At the same time *Inglis* paid Fohey $25 and received from him the following receipt:

"Milwaukee, Wis. Apr. 28, 1906.
"Received of *C. W. Inglis* twenty-five and 00/100 dollars as a deposit to secure and abide by a contract signed by said *C. W. Inglis* and Henry Fohey.   The said twenty-five dollars to be returned to said *C. W. Inglis* when contract is entered into with the Wisconsin Trust Company in relation to the property 1018 and 1020 National avenue.

"HENRY FOHEY."

Upon the following day a surveyor, at the request of both parties, made a survey of the premises and set stakes marking the line of division named in the agreement.   The surveyor also made a small sketch of the premises, with the division line marked on it, and gave it to the plaintiff, and on Monday following both parties met at the office of the Wisconsin Trust Company, gave the surveyor's sketch to the company, and ordered abstracts made of the property, the original being for Mr. Fohey and a certified copy for *Mr. Inglis,* which abstracts were, respectively, delivered a few days later.   On the 7th day of May, 1906, the defendant Fohey applied to the owner for a warranty deed of the entire premises, and the same was at once executed and delivered, and Fohey at the same time mortgaged the premises to one *Godsell* for $4,800, both deed and mortgage being recorded on the day of their execution.   On the 11th day of May the plaintiff tendered to Fohey $4,200 and demanded a conveyance of that part of the premises which he claimed was to be conveyed to him by the agreement, but Fohey refused to do anything in the matter.

Upon these facts the trial court entered judgment for specific performance of the contract and for conveyance by defendants to the plaintiff of that part of the premises claimed by plaintiff upon payment by the plaintiff of $4,200 into court, and directed that the same be applied upon the *Godsell* mortgage and any other liens on the premises, except taxes, accruing since April 28, 1906.

It appears that after the commencement of the action the plaintiff, on an affidavit showing that the defendant threatened to interfere with his possession of the premises in dispute, obtained a temporary injunctional order restraining any such interference pending the litigation. The defendants filed exceptions to the material findings of fact and appeal from the judgment.

*Frank H. Gugel,* for the appellants.

For the respondent there was a brief by *O. W. Bow,* attorney, and *Chas. Quarles,* of counsel, and oral argument by *Mr. Bow.*

WINSLOW, C. J.    The defendants' contentions are, in substance, that the agreement between Fohey and the plaintiff, made on April 28, 1906, is so indefinite, uncertain, and vague that it is not enforceable as a land contract, and that the evidence admitted by the court, showing the circumstances under which it was made and the subsequent acts of the parties construing its terms by their acts, was not admissible. The written contract is certainly indefinite in several particulars, especially in respect to the description of the real estate intended to be covered by it. If the court had no further information than that given by the writing on its face, it seems probable that it would be impossible of enforcement because of its indefinite terms. But where parties have attempted to reduce an agreement to writing, and such writing is in some respects indefinite or ambiguous, the contract does not necessarily fail, nor will a party suing upon it

be denied relief. If, by aid of evidence showing the situation and surroundings of the parties at the time, and their subsequent acts, if any, construing the terms of the writing, the court can with reasonable certainty determine the meaning intended by the parties, the court will not allow the contract to fall, but will construe it in the light of such evidence and enforce its terms as so construed, if there be no other fatal objections to it. This principle is so well established that discussion of it, or citation of authorities in its support, seems hardly necessary, but reference is made to *Excelsior W. Co. v. Messinger,* 116 Wis. 549, 93 N. W. 459 (where the authorities on this general subject are collated), and to the case of *Docter v. Hellberg,* 65 Wis. 415, 27 N. W. 176. The court rightly received such evidence in the present case, and there can be no doubt that the court arrived at a correct conclusion as to the proper construction of the contract.

The fact that the time of performance was not fixed does not prevent specific performance. The legal implication is that performance is to take place within a reasonable time. *Williamson v. Neeves,* 94 Wis. 656, 69 N. W. 806. If there was any defect in the tender or demand for a deed, that fact was immaterial, because the defendant utterly repudiated the contract. *Kreutzer v. Lynch,* 122 Wis. 474, 100 N. W. 887. The defendant *Rosa* had no inchoate dower right, because her husband had no title, legal or equitable, at the time he made the contract with the plaintiff, but only a mere contract right to purchase; hence when he afterwards received his title it came to him subject to the plaintiff's right to demand a deed of that part which is in controversy. As to this part, therefore, the plaintiff's right is prior and superior to any right of dower.

It is objected that the court only required the plaintiff to pay $4,200 into court when the contract fixes the sum to be paid at $4,225. It appears, however, that plaintiff paid Fohey $25 at the time of the contract. True, this was to be

Gatzweiler v. Milwaukee E. R. & L. Co. 136 Wis. 34.

returned when a contract for the property was entered into with the trust company. This condition, however, was plainly in view of the then existing contemplation of the parties that a contract was to be made with the trust company by which each party was to receive title to his share direct from the former owner. As this contract was never made and cannot now be made, the condition for return has ceased to exist, and the judgment must necessarily be construed as determining that the defendant has a right to and should retain the sum.

The temporary injunctional order restraining the defendant from interfering with plaintiff's possession was very plainly a proper order. It simply preserved the *status quo* pending the litigation. By a subsequent order the plaintiff was required to pay a monthly rental into court to abide the event of the action, and thus the rights of all parties were protected.

*By the Court.*—Judgment affirmed.