BECHER v. NATIONAL CLOAK & SUIT CO.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

EVIDENCE (§ 468*)—PAROL EVIDENCE—VARYING TERMS OF INSTRUMENT.

 Where, in an action on a written contract binding defendant to furnish during designated months a designated number of garments to be made up by plaintiff, and binding plaintiff to do the work in a satisfactory manner and return it within a week after its receipt, and providing for weekly payments without fixing the price, and stipulating that the agreement was made on the condition that plaintiff should supply defendant with salable styles at a price which would enable defendant to sell at

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a fair profit, the complaint averred that plaintiff was ready to perform all, and had performed a part, of his agreement, and that defendant had performed in part but had failed to supply some of the garments, and thereby alleged· that plaintiff had supplied styles at a price which would enable defendant to sell the garments at a fair profit, parol evidence was admissible to show what the parties had done, and that plaintiff had performed the condition on which the contract depended; the contract contemplating that an arrangement should be made as to the price, when each monthly batch of garments was delivered.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2147; Dec. Dig. § 468.*]

McLaughlin and Clarke, JJ., dissenting.

Action by Solomon Becher against the National Cloak & Suit Company. There was a dismissal of the complaint, and a motion for new trial on exceptions was ordered to be heard in the first instance by the Appellate Division. Exceptions sustained, ·and new trial ordered.

Argued before PATTERSON, P. J., and CLARKE, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

A. Furber, for plaintiff.
J. Frankenheimer, for defendant.

PATTERSON, P. J. I am of the opinion that the exception to the dismissal of the complaint should be sustained. The cases considered as authority for the course taken by the trial justice (United Press Co. v. N. Y. Press Co., 164 N. Y. 406, 58 N. E. 527, 53 L. R. A. 288, and Bluemner v. Garvin, 120 App. Div. 29, 104 N. Y. Supp. 1009) are plainly distinguishable from that at bar. Those cases were decided upon the theory that the contracts involved therein contained all that had been agreed upon at any time between the parties thereto, that they were lacking in elements necessary to constitute enforceable contracts, that parol evidence was inadmissible to add terms not agréed upon between the parties, and the construction given to the contracts as they appeared before the court in each of those cases was obviously correct. Here, however, to my apprehension, an entirely different situation is presented. The contract, as far as it goes, is definite and precise in its provisions as to what shall be done by both parties. The defendant was to furnish during the months of March, April, and May, 1905, a certain number of garments per week to be made up by the plaintiff, and during the months of February, June, and July, a certain other number of garments to be· made up per week, all to' be made in a satisfactory manner; the plaintiff to return the work within a week after its receipt and payments to be made by the defendant weekly. No price is mentioned. The complaint was dismissed at the beginning of the trial on the specific ground that it was based upon a contract set forth in full, that the plaintiff sought to recover profits· which he might have made if the defendant had carried it out, and that it was void because of incompleteness; no price · having been agreed upon. On referring to the written contract between these parties, it is obvious that it was not their intention to include in that writ-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ten contract any statement or agreement as to the price which should be paid to the plaintiff for the work upon the garments. On the contrary, it is manifest that that subject was left open to future agreement between the parties and the contract was made conditionally. It says:

"This agreement is made on the condition that you [the plaintiff] supply us [the defendant] with salable styles at a price which will enable us to sell them at a fair margin of profit."

If nothing further had been done or agreed upon, and the plaintiff had sued for a breach of this contract, then the cases cited might control; but here it appears upon the face of the complaint that the plaintiff was ready to perform all, and did perform some part, of what was required of him under the contract, and that the defendant also made part performance of what was required of it. That averment of the complaint refers to the condition of the written contract, and is tantamount to an allegation that the plaintiff did supply styles at a price which would enable the defendant to sell the manufactured garments at a fair margin of profit. As that subject had been left open for future action of the parties, I think this is a case in which parol evidence is admissible to show what the parties did. It is alleged in the complaint that the defendant did partially perform the contract in the months of February, March, April, May, and June, and delivered goods to be manufactured according to the terms of the contract. One of the terms of the contract was that payments should be made weekly. The contract apparently contemplated that an arrangement should be made as to price when each monthly batch of garments was delivered; and, as the defendant did deliver under the contract some garments to be manufactured, I think it was competent for the plaintiff to show, under the allegations of the complaint, that the condition upon which the contract depended was performed for each month during which the defendant delivered goods to the plaintiff and paid for them, and that the price paid might be shown in evidence.

The action is not brought only upon allegations of a loss of profits, but for other damage, as specified in the seventh paragraph of the complaint, and what that damage was is in detail set forth in the bill of particulars, which forms part of the record.

Exceptions sustained, and new trial ordered, with costs to the plaintiff to abide the event.

HOUGHTON and SCOTT, JJ., concur. McLAUGHLIN and CLARKE, JJ., dissent on authority of United Press Co. v. N. Y. Press Co., 164 N. Y., 406, 58 N. E. 527, 53 L. R. A. 288, and Bluemner v. Garvin, 120 App. Div. 29, 104 N. Y. Supp. 1009.