### LAMBERT v. HAYS et al.

(Supreme Court, Appellate Division, First Department.   February 4, 1910.)

SALES (§ 1*)—REQUISITES OF CONTRACT—CERTAINTY.

An executory contract for the sale of goods, which specifies no price and furnishes no rules by which it can be ascertained, lacks an essential element of a valid contract, and this defect is fatal to the recovery of damages by the purchaser for its breach.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 4; Dec. Dig. § 1.*]

Appeal from Special Term, New York County.

Action by Meyer Lambert against Isaac M. Hays and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed, with leave to amend.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Emil Goldmark, for appellant.
Arthur Garfield Hays, for respondents.

SCOTT, J. The plaintiff appeals from an interlocutory judgment sustaining a demurrer to the complaint. The action is brought to recover damages for defendants' refusal to comply with a contract to sell clothes to plaintiff. This contract is in writing, and was made on December 24, 1904. It is set out at length in the complaint. Plaintiff, who already had a clothing store, agreed that as soon as possible he would procure and open another for the purpose of selling such goods as are usually sold in a clothing store. He also agreed that for a period of five years, ending November 1, 1909:

"He will purchase all the clothing he buys, which is to be sold in these or any other stores he may have in the borough of Manhattan, Greater City of New York, from parties of the second part [the defendants herein], excepting an amount not in excess of five thousand ($5,000) dollars per annum, without the approval of the parties of the second part."

The defendants, on their part, agreed as follows:

"That they will not sell any of the goods they are now manufacturing or may manufacture during the life of the contract, under the name of the Atterbury System, to any parties except the parties of the first part to be sold in Manhattan, and that they will give party of the first part exclusive right to sell at retail in Manhattan any of the goods manufactured by them under the Atterbury System."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The contract contains certain provisions as to advertising, which are not material here. The plaintiff complains that the contract was fully performed by him until November 1, 1908, when defendants refused to sell him any more goods, or otherwise to fulfill the contract on their part. It thus appears that the contract has been only partially performed, and to this extent only is to be treated as an executed contract. So far as concerns the breach for which the plaintiff claims damages, the contract remains an executory one. The contract itself specifies no price at which defendants are to sell the goods which are its subject, and furnishes no rule or criterion by which such price can be ascertained. This omission is fatal to the enforcement of the contract and to the recovery of damages for its breach.

The case is not to be distinguished in principle from United Press v. New York Press Co., 164 N. Y. 406, 58 N. E. 527, 53 L. R. A. 288. The subject of the contract in that case was the furnishing of news by plaintiff to defendant. The contract was plain and explicit in every particular save one, which was the fixing of the price to be paid, which it was provided should be "fair and equitable to both parties," "not more than any other daily morning newspaper in the city of New York shall be required to pay to the party of the first part for the same report." The parties went on under the contract for two years; the plaintiff furnishing the news reports, and the defendant paying a uniform sum per week for the service. Then the defendant refused to go further, and the plaintiff sued for damages. The Court of Appeals said:

"If this were a case where the contract of the parties was merely ambiguous in its terms, it might be permissible to explain them by evidence of their acts, and then to show a practical construction; but the difficulty with this instrument lies deeper. It lacked support in one of its essential elements, in the absence of a price to be paid. That was a defect which was radical in its nature, and which was beyond the reach of oral evidence to supply; for, if the intention of the parties in so essential a particular cannot be ascertained from the instrument, neither the court nor the jury will be allowed to make an agreement for them upon the subject. It is elementary in the law that, for the validity of a contract, the promise or the agreement of the parties to it must be certain and explicit, and that their full intention may be ascertained to a reasonable degree of certainty. Their agreements must be neither vague nor indefinite, and, if thus defective, parol proof cannot be resorted to."

This case stands to-day as the leading case in this state upon the subject, and has not been overruled or departed from. Becker v. Nat. Cloak & Suit Co., 128 App. Div. 423, 112 N. Y. Supp. 839, which was decided by a divided court has gone further, perhaps, in an opposite direction than any other case. It certainly lay close to the border; but the contract in question there contained, within its own lines, a criterion by which the price to be paid could be ascertained with a reasonable degree of certainty. The present contract contains neither an agreed price, nor any criterion by which it can be ascertained.

We are referred to a number of cases, brought to recover damages for the breach of executed contracts, wherein, to prevent injustice, the law has implied an agreement to pay a reasonable price. These cases have no application to an action for the breach of an executory

contract. Upon that subject it was said in the case already quoted from:

"I entertain no doubt that, when the work has been done, or the articles have been furnished, a recovery may be based upon quantum meruit or quantum valebant; but when a contract is of an executory character, and requires performance over a future period of time, as here, and it is silent as to the price which is to be paid to the plaintiff during its term, I do not think that it possesses binding force."

The defendants suggest other defects in the contract, which, as it is claimed, are equally fatal. These it is unnecessary to consider, as one fatal defect is quite sufficient to sustain the judgment appealed from.

Judgment affirmed, with costs, with leave to plaintiff to amend within 20 days, upon payment of costs in this court and in the court below. All concur.