MIKE CARROLL, Appellee, v. MUNDY & SCOTT et al., Appellants.

VENDOR AND PURCHASER: Non-Necessity for Tender of Performance. A vendor is under no obligation to tender performance, when such performance is conditional on vendee's furnishing evidence of good title in the thing sold, and when vendee was wholly unable to do so.

*Appeal from Emmet District Court.*—N. J. LEE, Judge.

FEBRUARY 19, 1919.

ACTION to rescind a written contract for the sale and exchange of land. Opinion states the facts. Decree for the plaintiff in the court below. Defendants appeal.—*Affirmed.*

*C. W. Crim,* for appellants.

*Morse & Kennedy,* for appellee.

GAYNOR, J.—On the 7th day of November, 1913, plaintiff and defendants entered into a written contract, by the terms of which the plaintiff agreed to purchase from the defendants certain land in Emmet County, consisting of 320 acres, for the sum of $32,000, to be paid for as follows: By delivering to the defendants a good and sufficient warranty deed to 160 acres in Aurora County, South Dakota, free and clear of all liens and incumbrances, except a first mortgage of $2,000, and by executing and delivering to the defendants a mortgage in the sum of $22,000 on the land purchased from the defendants, both parties agreeing to furnish abstracts showing good and merchantable title to each of their respective properties.

Some time after the contract was entered into, plaintiff took possession of the land in Emmet County, and defendants of the land in Aurora County, and each held pos-

session up to the time of the entry of the decree in this case. After the making of the contract, and before plaintiff took possession of the Emmet County land, the defendants submitted to plaintiff an abstract of title from which it appeared that the title to the Emmet County land was not in the defendants; that there was a $9,000 mortgage on the land; and that there were other defects in the title. To induce plaintiff to take possession of the land in Emmet County, and to surrender to the defendants the land in Aurora County, the defendants promised orally to procure perfect title in themselves, and to remove all liens and cure all defects at once. The plaintiff took possession of the Emmet County land, and surrendered to the defendants the Aurora County land, in reliance on this promise.

It is reasonably certain from the record that the exchange of possession was brought about by these promises, and plaintiff's reliance thereon. From time to time thereafter, these promises were renewed by the defendants, but never fulfilled. Plaintiff was at all times ready, able, and willing to perform the contract on his part, whenever defendants performed their part of the agreement. The $22,000 mortgage could not be made until the title to the land purchased was in the plaintiff. At the time the contract was made, plaintiff had no knowledge of the fact that the defendants were not the owners of the land, or that it was incumbered; and it was the understanding of both parties that the deal was to be closed on the 1st day of March, 1914. Nothing was said in the contract about the title to the land, but each agreed to furnish the other an abstract showing good and merchantable title.

On the 24th day of March, 1916, this action was brought in equity, to cancel the contract and to restore the parties to the same position in which they were before the contract was made. A decree was entered for the plaintiff,

cancelling the contract, and directing each party to surrender to the other the land that was the subject of the contract. No deeds to the lands had been exchanged.

It was further found by the court that the plaintiff, relying upon the promise of the defendants to convey to him a good and merchantable title, unincumbered, placed improvements upon the Emmet County land, while he was in possession, and incurred other expenses. An accounting was had between the parties, and in this accounting, the use of the land by the plaintiff during the years he was in possession was taken into consideration. The fair rental value of the Aurora County land was also considered, and charged to the defendants. The improvements put upon the land by the plaintiff were shown and considered, and, on final adjustment, the court found that the use of the Emmet County land fairly compensated the plaintiff for the improvements put upon the land, and the rental received by the defendants, for the Aurora County land. A balance was struck, leaving nothing due either upon these matters.

The defendants appeal, and claim that the court erred in cancelling the contract, and erred in allowing anything to the plaintiff for improvements upon the land while he was in possession.

So far as this record shows, plaintiff had perfect title to the land in Aurora County. At the time he surrendered possession to the defendants, and took possession of the Emmet County land, he did so with the distinct understanding that defendants would perfect title, and be ready to consummate the contract in accordance with its terms, on the 1st of March, 1914, and that an abstract would be furnished him, showing good and merchantable title, on that date. It appears, however, that, some time before the 1st of March, defendants did furnish the plaintiff with an abstract. This abstract showed upon its face that the

defendants did not have title to the land, and that it was largely incumbered. This abstract was examined by counsel for the plaintiff, and returned to the defendants on or about April 3, 1914, with objections.

Now, it may be said that, notwithstanding the fact that it was the understanding of the parties that the deal should be consummated and closed, and the contract fully performed, on the 1st day of March, 1914, the plaintiff consented to further time by returning the abstract with his objections. It appears, however, that, after the abstract, with objections, was received, the defendants never returned the same to the plaintiff, and never thereafter tendered to the plaintiff, or offered the plaintiff, any abstract showing good and merchantable title; further, that the defendants never did have a good and merchantable title to this land, either at the time the contract was made, or at the time this action was begun.

It may be conceded that, when the plaintiff returned this abstract to the defendants, with his objections, he impliedly consented not to repudiate the contract on account of the defects; but this was because of defendants' promise to immediately remedy the defects. This did not release defendants from their contractual duty to perform within a reasonable time. Where no time is fixed in the contract or by agreement of the parties for the doing, the law requires it to be done within a reasonable time. The defendants having agreed in their contract to convey this land to the plaintiff for a consideration named, the consideration named could not become due until after defendants had performed all conditions upon which their right to the consideration rested. They could not have insisted on performance, and no duty to tender a performance rested on the plaintiff, until the conditions precedent to the duty had been fully complied with by the defendants. As a condition precedent to the duty of the plaintiff to pay,

there was the duty of the defendants to present and tender to the plaintiff that which they had agreed to give him. They had agreed to furnish the plaintiff an abstract showing good and merchantable title. Until this was done, no obligation rested on the plaintiff to perform or tender performance of his agreement to pay. Defendants failed to perform on the day stipulated, and, assuming that plaintiff waived performance on that day, and consented to further time in which to perform, this did not waive performance at some time, and did not extend the time for performance beyond a reasonable time. This action was not commenced until more than two years after the time when defendants should have performed, and the waiver of performance on that day extended performance only for a reasonable time. Two years was surely a reasonable time. No performance was made or tendered by defendants. Plaintiff's right to rescind, therefore, was perfect at the time this action was commenced. Even on the trial, no tender of performance was made, or excuse offered for a failure to perform. The fact is that defendants were not able to perform. The court rightly decreed that the contract should be put at an end; that the plaintiff should be no longer bound by the contract.

The facts in this case bring it within elementary law. No authorities need be cited to support our conclusion.

As to the proposition involved in the accounting, we have to say that our attention is not called to any error committed in the computation, and it seems equitable and just, under the record made; and the decree in this respect must stand.

On the whole record, we think the judgment of the court was right, and it is—*Affirmed.*

LADD, C. J., SALINGER and STEVENS, JJ., concur.