PFENT *v.* MICHAUX.

1. VENDOR AND PURCHASER—OPTION TO PURCHASE—INTERPRETATION
   —INCOMPLETE CONTRACT.
   An option for the purchase of land providing "the balance
   to be in reasonable quarterly payments after the first
   year," does not mean that the sum was payable in two
   years, but clearly it was intended that the parties were
   to agree upon some reasonable amount to be paid quarterly,
   and thus determine the term of credit.[1]

2. SPECIFIC PERFORMANCE—CONTRACT INDEFINITE AS TO TERMS OF
   PAYMENT MAY NOT BE ENFORCED.
   An accepted option for the purchase of land which did
   not fix the terms upon which the balance of the pur-
   chase price was to be paid, but said question was left
   open to future agreement, was so incomplete that specific
   performance of the contract may not be enforced.[2]

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted April 9, 1925.    (Docket No. 41.)    Decided
June 18, 1925.

Bill by Frank Pfent against Margaret Michaux for
specific performance of an optional land contract.
From a decree for plaintiff, defendant appeals.    Re-
versed, and bill dismissed.

*Stevenson, Carpenter, Butzel & Backus* (*Rockwell
T. Gust,* of counsel), for plaintiff.

*Walter Barlow,* for defendant.

CLARK, J.    Plaintiff received from the defendant
the following writing:

---

[1]Vendor and Purchaser, 39 Cyc. p. 1319; [2]Specific Performance,
36 Cyc. p. 597.
  On specific performance of contract some of the terms of which
are to be agreed upon, see note in L. R. A. 1917D, 1079.

"OPTION.

"This agreement, made this 10th day of November, 1922, by and between Margaret Michaux, widow, of Gratiot township, Wayne county, Michigan, the owner of the property hereinafter described, designated hereafter as the first party, and Frank Pfent, of the same place, the purchaser, and designated hereinafter as the second party.

"*Witnesseth:* That the said first party, owner, in consideration of the sum of $50 to her in hand paid by said second party, purchaser, receipt whereof is hereby acknowledged, hereby agrees that she shall and will at any time within two months from the date hereof, at the request of the said second party, execute and deliver to him, the said Frank Pfent, a good and sufficient warranty deed free from all liens and incumbrances, of the following described premises situated in the township of Gratiot, county of Wayne and State of Michigan, to-wit:

"30 acres of land more or less located and bounded on the north by the 7 Mile road, on the west by Hayes road, on the east by Cadieux road and on the south by unplatted land, the description in the said deed to be by metes and bounds after a proper survey of the said property has been made; the said land being more commonly known as the Michael Young estate, but now owned by the first party, for the sum of $40,000 payable as follows:    The balance of $39,950 to be paid as follows: $9,950 within two months from date hereof, and the balance to be in reasonable quarterly payments after the first year under a mortgage covering on the said property, said mortgage to contain release clause on payment of proportionate amount for each lot released and the customary release of the streets and alleys from the operation of said mortgage in event of platting.

"The company is to have the tenant removed.    The first party is holding 4 lots on 7 Mile rd. at the home now where first party lives.

"Dated, Detroit, Mich.,
     November 10, 1922.
                    (Signed)    "MARGARET MICHAUX."

Within the time plaintiff tendered the down pay-

ment and a deed, which was erroneous as to description. He also tendered a mortgage for $30,000 purporting to cover the description, made by himself and wife, in which there was a like error, payable "On or before 7 years from date hereof, with quarterly payments on the principal sum of $900 or more, together with interest at 6 per cent. per annum on all sums at any time unpaid hereon, said interest being payable quarterly, according to one certain promissory note," etc.   Conveyance was refused.   Plaintiff filed bill for specific performance and had decree.   Defendant has appealed.

Several interesting questions are presented.   We find it necessary to consider but one.   The term of the credit to be secured by the mortgage was not agreed upon.   It was left open to further agreement. "Balance to be in reasonable quarterly payments after the first year" does not mean that the sum was payable in two years, as suggested by counsel.   To so hold the word "reasonable" must be dropped.   Then the language might be held to mean: Payable in quarterly payments during the second year.   But clearly it was intended that the parties in making the mortgage were to agree upon some reasonable amount to be paid quarterly and thus to determine the time of the mortgage, the term of credit.   The writing is therefore incomplete.

Plaintiff by tender of a mortgage in terms satisfactory to him did not thereby make a complete contract, nor place upon defendant an enforceable obligation to convey.   An option is a mere offer.   It may become a contract by acceptance within the time and according to its terms.   If it is so lacking in material parts that acceptance of it does not make a complete contract, specific performance may not be decreed.

It was held in *Rahm* v. *Cummings*, 131 Minn. 141 (155 N. W. 201), quoting syllabus:

"An accepted offer to sell land for part cash and part deferred payment secured by a mortgage, but which specifies no time of payment of the mortgage debt, does not constitute a complete contract which can be specifically enforced."

And in *Schmeling* v. *Kriesel,* 45 Wis. 325:

"The contract being to give credit for a part of the purchase money, and the time when the credit should expire and the money become payable not having been fixed by the parties, we think the contract is too uncertain or incomplete to authorize a court of equity to decree its specific performance."

See, also, 5 Thompson on Real Property, § 4352; *Tryce* v. *Dittus,* 199 Ill. 189 (65 N. E. 220) ; *Platt* v. *Savings Bank,* 46 Conn. 476; *Moore* v. *Galupo,* 65 N. J. Eq. 194 (55 Atl. 628) ; Pomeroy on Contracts (2d Ed.), 217; Waterman on Specific Performance, § 143; 36 Cyc. p. 598; 27 C. J. p. 218; 2 L. R. A. (N. S.) 221, note; 21 L. R. A. 127, note; 25 R. C. L. p. 218; L. R. A. 1917D, 1079, note; *Blanchard* v. *Railroad Co.,* 31 Mich. 43 (18 Am. Rep. 142).

Reversed and bill dismissed, with costs to defendant.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.