Machesky, Appellant, vs. City of Milwaukee, Respondent.

*February 7—March 6, 1934.*

*Theodore Kramer,* attorney, and *Jacob S. Rothstein* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Max Raskin,* city attorney, and *H. A. Kovenock,* assistant city attorney, and oral argument by *Mr. Kovenock.*

Fritz, J.   Plaintiff sued to recover damages for breach of contract.   Plaintiff, in writing, offered to sell to the defendant certain land with the buildings thereon.   In that offer there was the following provision:

"I hereby reserve the right of first option to repurchase the said buildings herein offered at such time as the city of Milwaukee shall dispose of same."

Defendants duly accepted that offer. The land and buildings were duly conveyed to defendant and plaintiff was paid therefor in accordance with the terms of the offer. However, after plaintiff had delivered possession of the premises to defendant, he failed to inform defendant that he elected to exercise the option to repurchase, until after the defendant, without notice to plaintiff, had sold the buildings to another person. Defendant contends that the agreement for option falls short of being an enforceable contract because it lacks the requisite definiteness and certainty, in that it leaves the amount of the price to be fixed by later agreement between the parties. In respect to that contention it must be noted that we are here concerned with an unperformed, executory agreement, and not with a claim for reasonable compensation for property delivered or services performed. It is elementary that "an offer must be so definite in its terms, or require such definite terms in the acceptance, that the promises and performances to be rendered by each party are reasonably certain." Restatement of the Law of Contracts, sec. 32.

As is stated in a footnote in 32 L. R. A. N. s. 430:

"While the authorities are not in harmony on the question, by the weight of authority an order or contract for the purchase of personal property is lacking in an essential element, and is invalid, if the price to be paid is not expressly or impliedly incorporated therein, or some reasonably definite method for determining it agreed upon. Indeed, in most of the cases considering the matter, the doctrine is stated that the price must be expressly stated, or some method expressly agreed upon by which it may be determined, in order to constitute a valid executory contract of sale." *Harper v. Dougherty,* 2 Cranch. C. C. 284, Fed. Cas. No. 6,087; *Lewis v. Lofley,* 60 Ga. 559; *James v. Muir,* 33 Mich. 224; *Lambert v. Hays,* 136 App. Div. 574, 121 N. Y. Supp. 80; *Still v. Cannon,* 13 Okla. 491, 75 Pac. 284; *Wittkowsky v. Wasson,* 71 N. C. 451; *Scott v. Wells,* 6 Watts & S. 357, 40 Am. Dec. 568; *Bigley v. Risher,* 63 Pa. 152, 13 Morrison Mining

Rep. 176; *Asebal v. Levy*, 10 Bing. 376, 4 Moore & S. 217, 3 L. J. C. P. N. s. 98.

· Appellant's supplemental brief relies upon the decision in *Bowser & Co. v. Marks*, 96 Ark. 113, 131 S. W. 334, 32 L. R. A. N. s. 429. However, as is stated in the opinion in that case, the property, for which the vendor was seeking to recover the reasonable value, had been delivered by the vendor to a common carrier, pursuant to the vendees' order, so that the title thereto had passed to the latter. Consequently, in that case, as well as in the other cases cited in that opinion, and all of the others relied upon by appellant, the contract had been executed by the delivery of the property or the performance of the services contracted for.

In *Fogg v. Price*, 145 Mass. 513, 14 N. E. 741, the court passed upon a covenant which read as follows: "If the premises are for sale at any time, the lessee shall have the refusal of them." That, in substance, was virtually to the same effect as the provision in the case at bar. The court, in holding that covenant void for uncertainty, said:

"This is simply an agreement to give the lessee the first chance to make a contract,—an agreement to sell,—if the parties can agree, but not otherwise. It neither fixes the price, nor provides any way in which it can be fixed. Suppose that the premises had been advertised for sale, and that the tenant had brought his bill at once. It is plain that the court could not have named any sum at which the lessor should be compelled to sell. Considered, therefore, in the light of a contract to sell, as it is treated by the bill, it does not satisfy the statute of frauds, and apart from the statute it is not such a contract as equity can specifically enforce."

That is equally applicable to the provision upon which plaintiff relies. It neither provides that the price was to be some specified or a reasonable amount, nor does it provide any manner by which the price is to be ascertained or determined. At best it is nothing more than an agreement to make a future agreement as to an essential term, which can-

not be supplied by implication of law. Under the circumstances, because there has been no meeting of the minds as to an essential term, there can be no recovery. *Laird v. Boyle,* 2 Wis. 316, \*431; *Freeman v. Morris,* 131 Wis. 216, 109 N. W. 983; *Goldstine v. Tolman,* 157 Wis. 141, 147 N. W. 7; *St. Regis Paper Co. v. Hubbs & Hastings Paper Co.* 235 N. Y. 30, 138 N. E. 495; *Ansorge v. Kane,* 244 N. Y. 395, 155 N. E. 683; *Pfent v. Michaux,* 231 Mich. 500, 204 N. W. 86.

*By the Court.*—Judgment affirmed.