KELLEY, Respondent, vs. ELLIS, Appellant.*

*February 8—March 6, 1956.*

---

\* Motion for rehearing denied, with $25 costs, on May 1, 1956.

For the appellant there were briefs and oral argument by *Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo.

For the respondent there was a brief by *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill, Jr.*

CURRIE, J. The contract for sale stated, "Possession to be agreed upon [by] buyer and seller," which was interpreted in the findings of fact of the trial court to mean "that possession was to be granted to the plaintiff on a date to be agreed upon by the parties." The trial court also determined that Mrs. Ellis should yield possession to Kelley on or before September 15, 1955, and that such provision granted Mrs. Ellis a reasonable time in which to vacate the premises.

Counsel for Mrs. Ellis contend on this appeal that, because of the provision of the contract that possession was to be

granted to Kelley *on a date to be agreed upon by the parties,* there was no meeting of the minds of the parties on an essential element of the contract, and, therefore, equity could not decree specific performance. In support of such contention, counsel cites the following statement from the opinion of this court in *Machesky v. Milwaukee* (1934), 214 Wis. 411, 413, 253 N. W. 169:

"At best it is nothing more than an agreement to make a future agreement as to an essential term, which cannot be supplied by implication of law. Under the circumstances, because there has been no meeting of the minds as to an essential term, there can be no recovery. *Laird v. Boyle,* 2 Wis. 316, \*431; *Freeman v. Morris,* 131 Wis. 216, 109 N. W. 983; *Goldstine v. Tolman,* 157 Wis. 141, 147 N. W. 7; *St. Regis Paper Co. v. Hubbs & Hastings Paper Co.* 235 N. Y. 30, 138 N. E. 495; *Ansorge v. Kane,* 244 N. Y. 395, 155 N. E. 683; *Pfent v. Michaux,* 231 Mich. 500, 204 N. W. 86."

However, in the *Machesky Case* it was the selling price and not date of possession which the contract for sale of real estate there before the court provided should be determined by future negotiation of the parties.

·It is a well-established general rule that, where a contract of sale of land is silent as to time of change of possession, the law will imply a reasonable time. 8 Thompson, Real Property (perm. ed.), p. 488, sec. 4563; 3 Corbin, Contracts, p. 645, sec. 663; 12 Am. Jur., Contracts, p. 854, sec. 299; 17 C. J. S., Contracts, p. 1063, sec. 503; and *Carroll v. Mundy & Scott* (1919), 185 Iowa, 527, 170 N. W. 790, 4 A. L. R. 811.

This court declared in *Kipp v. Laun* (1911), 146 Wis. 591, 604, 131 N. W. 418:

"Where a contract is definite in the main features thereof and in most of its details, but one item is left in such con-

dition that an inquiry of reasonable value or reasonable time for performance is essential, that will not defeat the whole contract or bar specific performance."

Counsel for Mrs. Ellis concede that this is the general rule but urge that it has no application to the facts of the instant case because a reasonable time for performance cannot be implied when the parties have expressly provided for a different method, viz., future negotiations between the parties. The following extract from 12 Am. Jur., Contracts, p. 556, sec. 64, tends to support such contention:

"Where an agreement contains no express provision as to some matter, the meaning in respect of such matter will be implied if an implication is warranted by the facts and circumstances of the particular case, as where a provision for performance in a reasonable time is sometimes implied. But where the parties indicate an intention to leave some matters to be agreed on in the future, no implication with respect thereto is warranted; and where such matters are essential, such preliminary agreement is not binding. There are, however, exceptions to this rule."

Because of the facts present in the instant case, and keeping in mind that this is an action in equity where equitable principles should be applied, we consider that it would be inequitable to apply the above-stated rule.

In *Inglis v. Fohey* (1908), 136 Wis. 28, 32, 116 N. W. 857, this court, speaking through Mr. Chief Justice WINSLOW, stated:

"The written contract is certainly indefinite in several particulars, especially in respect to the description of the real estate intended to be covered by it. If the court had no further information than that given by the writing on its face, it seems probable that it would be impossible of enforce-

ment because of its indefinite terms. But where parties have attempted to reduce an agreement to writing, and such writing is in some respects indefinite or ambiguous, the contract does not necessarily fail, nor will a party suing upon it be denied relief. If, by aid of evidence showing the situation and surroundings of the parties at the time, and their subsequent acts, if any, construing the terms of the writing, the court can with reasonable certainty determine the meaning intended by the parties, the court will not allow the contract to fall, but will construe it in the light of such evidence and enforce its terms as so construed, if there be no other fatal objections to it."

Turning to the surrounding circumstances and conduct of the parties in the case at bar we find that Warren, as agent for Mrs. Ellis, informed Kelley at the time the offer to purchase was drafted on November 12, 1954, that she was concerned about having to order coal for the winter and, if the property was sold, she wanted to hold an auction of her furniture while the weather was still warm. Kelley made known to Warren that Kelley wanted to have possession by January 1, 1955. It is thus apparent that both seller and purchaser did not have in mind any date for change of possession extending beyond a reasonable time. Furthermore, when Mrs. Ellis repudiated the contract on November 15, 1954, she did so on other grounds than that there had been no meeting of the minds as to the time for yielding possession, even though then represented by able counsel.

There is a presumption that the vendor and purchaser have contracted with reference to applicable principles of law, 8 Thompson, Real Property (perm. ed.), p. 491, sec. 4565; and a contract of sale "should, if possible, be rendered operative, as the parties are supposed to have intended something by their agreement." Ibid, p. 485, sec. 4563. We consider

that these rules provide us with the key to the solution of the present controversy. Both the seller and purchaser must be deemed to have known when they entered into the contract that if they failed to specify a time for change of possession the law would imply a reasonable time for such event. It certainly is much more in keeping with the intention of both parties at the time of entering into the instant contract that, if they failed to agree on a time for change of possession, the law would imply a reasonable time rather than holding that they had no contract at all.

We, therefore, hold that the learned trial court correctly interpreted the contract to mean that possession was to be yielded by the seller to the purchaser at the expiration of a reasonable time from the date of the making of the contract if the parties failed to negotiate such question.

*By the Court.*—Judgment affirmed.

STEINLE, J., took no part.

The following memorandum was filed May 1, 1956:

CURRIE, J. (*on motion for rehearing*). We fear that our original opinion herein is subject to the interpretation that an opposite result might have been reached by this court if the action had been one at law for damages instead of in equity for specific performance. We are now satisfied that our determination would have been the same even though the action had not been one of a class formerly cognizable in a court of chancery.

Evidence of the surrounding circumstances would have been equally admissible in an action at law as it would in one in equity for the purpose of seeking to ascertain the intention

of the parties with respect to the clause relating to future negotiations of the time for change of possession. For a discussion of the admissibility of evidence of surrounding circumstances in interpreting contracts, see *Georgiades v. Glickman,* ante, p. 257, 75 N. W. (2d) 573.

*By the Court.*—Motion for rehearing is denied with $25 costs.