382 P.2d 570

**Noble C. SUTTLE, Appellant,**

v.

**Helen SEELY, Appellee.**

**No. 7045.**

Supreme Court of Arizona.

In Division.

June 12, 1963.

Harold Goldman, John F. Swartz, Phoenix, for appellant.

Mark Leibsohn, Phoenix, Philip T. Goldstein, Phoenix, for appellee.

LOCKWOOD, Justice.

This is an appeal by Noble C. Suttle, plaintiff below, from a judgment for the defendant Helen Seely. The judgment was entered on defendant's motion to dismiss which the court treated as a motion for summary judgment.

In September of 1938 plaintiff and the defendant began living together without any formal marriage ceremony. This union lasted until June 1955. During that period of time the parties acquired as tenants in common certain real property in Phoenix, Arizona, which had been used as a rest home for elderly people, known as "Suttle's Sanitarium." On May 31, 1956, plaintiff sued the defendant, seeking an accounting and partition and division of all the real and personal property then owned in common by the parties.

The suit, however, never reached trial for on May 19, 1958, the parties entered into a written agreement settling and adjusting their differences, and stipulating for dismissal of said action with prejudice. Thereupon the court entered an order dismissing the action with prejudice.

The material provisions of the contract above referred to are as follows:

"WHEREAS, the parties hereto have settled said difficulty between themselves, and have entered into a Stipulation for the dismissal of said action with prejudice, which stipulation has been approved by their respective attorneys of record,

"NOW, THEREFORE, IT IS AGREED between the parties hereto as follows:

"1. The party of the First Part (the plaintiff) shall have, in full settlement of all disagreements between the parties, and in full settlement of the action numbered 88961:

"a. * * *

"b. A twenty-five (25) per cent undivided interest in and to the real and personal property located at 711 East Bethany Home Road, and which said real property now stands in the name of the parties hereto, and the *Party of the First Part (the plaintiff) is not to have any interest in the business now being conducted upon said premises.* It is further understood and agreed between the parties hereto that the title to said property is quieted in the parties as being a twenty-five (25%) per cent undivided interest in the Party of the First Part, also known as the Plaintiff in the herein-referred to Superior Court action, and a three-fourths (¾ths) undivided interest in and to the Party of the Second Part, also known as the Defendant, in the herein-referred to Superior Court action. *It is further agreed between the parties hereto that said property shall be sold for a price of not less than Sixty Thousand ($60,000.00) Dollars.* * * *." (Emphasis supplied.)

Thirteen months after the entry of the order of dismissal, the plaintiff filed another action against the defendant, demanding (1) the sum of One Hundred Twenty-Five ($125.00) Dollars per month from May 20, 1958, for defendant's use of the common property, (2) for a partition of the real property, and (3) that the property be sold according to the contract between the parties. About three months later plaintiff filed an amended complaint substantially seeking the same relief but with an additional assertion that he had been excluded and ousted from the common premises since the date of the agreement to the filing of the amended complaint. The defendant filed a motion to dismiss with a supporting affidavit. The judge, treating defendant's motion as a motion for summary judgment, found in favor of the defendant and entered the judgment accordingly.

Plaintiff claims that the lower court erred for the reason that the amended complaint states a claim for relief: (1) for damages due to defendant's use and occupation of the tenancy after ouster and exclusion of the plaintiff; and (2) "to compel the sale or separation of the tenancy in the common property based on the voluntary contract of the parties to sell the property and divide the proceeds."

 A consent judgment entered by stipulation of the parties, is just as valid as a judgment resulting from a trial on the merits, and a decree of dismissal with prejudice made upon that stipulation is a final determination and is res judicata as

to all issues that were raised or could have been determined under the pleadings. Cochise Hotels v. Douglas Hotel Operating Co., 83 Ariz. 40, 316 P.2d 290 (1957). Therefore since the first suit between the parties, which was dismissed by stipulation, sought the same relief in regard to a partition of the property as does the complaint in the present action the trial court properly treated that issue as res judicata.

As to the claim of damages for the reasonable value of defendant's use and occupancy of plaintiff's interest in the property, the agreement of May 19, 1958, is conclusive. The agreement between plaintiff and defendant can only be interpreted to mean that the plaintiff gave up all the rights in the property, except for a twenty-five per cent interest in the proceeds, upon a sale thereof. The business of operating a rest home for the aged occupied the entire premises, and the plaintiff agreed that he had no interest in the business conducted on the premises. He limited himself to his twenty-five per cent interest in the proceeds upon a sale of the property. This contradicted his claim of ouster or exclusion from the premises, for there could be no liability on the part of the defendant when the plaintiff ousted himself by agreement with his co-tenant. Bailey's Widow and Heirs v. See, 187 Ky. 596, 219 S.W. 1061 (1920); 86 C.J.S. Tenancy in Common § 29, p. 387; 51 A.L.R.2d 388 (Anno.1957).

Plaintiff's demand for a sale of the property in accordance with the agreement entered into by the parties in 1958, however, is not precluded by the agreement. In fact, the agreement contemplates such a sale "for a price of not less than Sixty Thousand ($60,000.00) Dollars." In order to compel by specific performance the sale of certain land, the contract must be definite and certain. Colmenero Canal Co. v. Babers, 80 Ariz. 339, 297 P.2d 927 (1956). In this instance, the property was described in particular, and a selling price was agreed upon, but no specific time for sale was stated. It is generally true that where time of performance of an agreement for the sale of realty is not made the essence of the contract, a failure to specify the time of performance will not necessarily defeat specific performance, since it will be implied that performance may be required within a reasonable time. Greenstone v. Claretian Theological Seminary, 173 Cal. App.2d 21, 343 P.2d 161 (1959), citing Pierce v. Avakian, 167 Cal. 330, 139 P. 799 (1914); Mahoney v. Beebe, 334 Mass. 165, 134 N.E.2d 126 (1956); Kelley v. Ellis, 272 Wis. 333, 75 N.W.2d 569, 76 N.W. 2d 540, 56 A.L.R.2d 1267 (1956); Ray v. Wooster, 270 S.W.2d 743 (Mo.1954). This rule applies here. The defendant has failed to offer to sell the property for the price agreed upon between the parties. This suit was not filed until thirteen months after the agreement that the property

should be sold. Whether a reasonable time had expired, was a factual issue to be determined by the trial court. The trial court should not have entered a summary judgment where a factual issue remained.

Judgment reversed and remanded to the trial court for trial in accordance with this opinion.

BERNSTEIN, C. J., and UDALL, V. C. J., concurring.