## McConnell vs. Hughes.

*Appeal, what questions raised. Sale, when title passes.*

1. Where the bill of exceptions is not certified to contain all the evidence, and the court found that all the material allegations of the complaint were true, the only question presented by the appeal from the judgment is, whether the complaint states a cause of action.
2. A contract of sale is not invalid because it does not in terms fix the price, if it furnishes a criterion for determining the same, leaving nothing in relation thereto for further negotiation between the parties.
3 The sale may be complete before the *amount* of the vendee's indebtedness by reason thereof is determined, and while such amount is still dependent on the exercise of an option by one of the parties.
4. *Perhaps*, in such a case, the party having such option is bound to exercise it within a *reasonable* time, but the time for its exercise need not be limited by the contract.
5. Thus, where A bargained and sold to B a certain quantity of wheat at a price ten cents per bushel less than the Milwaukee price should be on any day thereafter which A should name, and the wheat was delivered in pursuance of such contract, and was destroyed by fire before A had named the day with reference to which the price should be determined: *Held*, that the property in the wheat was in B, and A, having afterward named such day, was entitled to payment of the price as thus fixed.
6. Lyon, J., *arguendo*, suggests that A's creditors, garnishing B before the amount of A's claim had thus been fixed, would have been subrogated to his rights in respect to fixing the same; and that in assessing A's property for taxation the assessor would have been guided by his own judgment as to the value of A's claim against B on said contract.

APPEAL from the Circuit Court for *Green Lake* County.

The plaintiff alleges, in his complaint, that on the 7th day of February, 1870, he bargained and sold to the defendants, eight hundred and fifty-five and fifty-three-sixtieths bushels of wheat, at the agreed price of ten cents per bushel less than the Milwaukee price on any day thereafter which he, the said plaintiff, should name; and that, within a few days

after the said 7th day of February, he delivered said wheat to the defendants, at their mill in the city of Berlin, and the defendants received the same, in pursuance of the terms of such bargain and sale; and that he afterwards named the 24th day of March, 1870, as the day fixing the price, and notified the defendants thereof, and on that day demanded of them payment of the amount which, according to the terms of the contract, was due him from them.

The plaintiff also avers that, according to the terms of the agreement, seventy-three cents per bushel was the price to be paid him by the defendants. He further avers that the defendants paid him $75 on account of the wheat.

The defendants, in their answer, state that they were, on the 7th day of February, 1870, engaged in the manufacture of flour, at the city of Berlin; that they had, in the mill, facilities for storing about six thousand bushels of grain; and that they received the plaintiff's wheat in store for him, in pursuance of an agreement that they should purchase the same whenever thereafter the plaintiff should elect to sell, at ten cents less than the Milwaukee price on the day of sale, and that while the wheat was thus in store, and before the plaintiff elected to sell, to wit: on the 11th day of March, 1870, their mill, together with the plaintiff's wheat, was destroyed by fire, without their fault.

A jury was waived, and the action was tried by the court. The court found, in substance, that the allegations of the complaint were true, and gave judgment for the plaintiff; from which the defendants appealed.

*Ryan & Kimball*, for appellants:

The complaint does not state a cause of action, because it does not show that the parties agreed either upon the *price* of the wheat, or upon a criterion for ascertaining it, which was *fixed* and *certain*. *Story on Sales* (3d ed.), § 220. 2. This is not an executory sale. It creates no debt which can be sued for, or listed by the assessor, or garnished by creditors. The evidence shows an agreement for storage, and not a sale. 3. If

the contract was for a sale, it was for a future, not a present, sale; and the title did not pass to the vendee before the wheat was destroyed by fire, the price not having been fixed until afterward. *Story on Sales* (3d ed.), § 220, a.

*A. B. Hamilton and Butler & Winkler*, for respondent:

The transaction was a sale. After delivery, the plaintiff had no further control of the wheat, except to name the day for determining the price, and the defendants were bound to take it at the price so determined. It does not come within the definition of a bailment. *Coggs v. Bernard*, 1 Smith's Leading Cases, 283; *Norton v. Woodruff*, 2 Coms., 135. 2. The case does not purport to contain all the testimony, and, therefore, the judgment should be affirmed if the finding of facts sustains the conclusion of law.

LYON, J. The bill of exceptions does not purport to contain all of the evidence.

We cannot, therefore, review the evidence, but must presume that it sustains the findings of fact by the circuit court. That court having found that the material allegations of the complaint were proved, it follows that if the complaint states a valid cause of action, the plaintiff was entitled to judgment.

We think that the complaint does state a valid cause of action. It avers that an executory contract for the sale and purchase of wheat was made by the parties, and that, in pursuance thereof, the plaintiff delivered to the defendants, and the defendants accepted and received the wheat. It must be true that by such delivery and acceptance the title to the wheat became vested in the defendants, and the right to have the price therefor, when the same should be determined as provided in the contract, in like manner became vested in the plaintiff.

But it is urged on behalf of the defendants that the transaction was invalid as a sale, because the contract did not limit the plaintiff to the selection of any particular day, or of a day within a specified time, on which the market price of wheat in

Milwaukee should control the price of the wheat in question, but left him the option to select any day in the future for the purpose of fixing the price.

The contract furnishes a criterion for ascertaining the price of the wheat; leaving nothing in relation thereto for further negotiation between the parties. This is all that the law requires. Story on Sales, § 220. No case has been cited, and we are unable to find one, which holds that it is essential to the validity of a sale in such cases that the criterion agreed upon should, by the terms of the contract of sale, be applied, and the price thereby determined, on any specified day or within a specified time. Judge STORY, in the section of his treatise above cited, evidently does not intend to lay down any such rule. It may be that, if the plaintiff had delayed unreasonably to make such selection after being requested to make the same, he might be compelled to do so. But we do not decide this point.

It is further argued that, after a valid sale and before payment of the price, there must be a debt owing by the vendee to the vendor, while in this case, until the price of the wheat was ascertained, there was no indebtedness. The latter part of this proposition is erroneous. As soon as the wheat was delivered, the defendants owed the plaintiff therefor. There was therefore a debt, but the amount thereof was not ascertained. It remained unliquidated until the price of the wheat was determined.

The objections that the assessor could not list the claim for the price of the wheat for taxation, and that the same could not be reached by garnishee process at the suit of a creditor of the plaintiff, while such price remained undetermined, present no practical difficulties. The assessor would fix the value of the demand according to his best judgment, as in other cases of the valuation of property and credits; and the creditor in the garnishee proceeding would probably be subrogated to the rights of the plaintiff in respect to determing the contract price for the wheat.

*By the Court.*— The judgment of the circuit court is affirmed.