PRIEST v. HODGES.

Opinion delivered April 5, 1909.

1.  SALE OF CHATTELS—AGREEMENT.—It is essential to the sale of a chattel that there be a meeting of minds and an agreement by both parties to the sale and purchase. (Page 133.)

2.  SAME—WHEN INCOMPLETE.—The title to a chattel offered for sale does not pass so long as something remains to be done as between the buyer and seller, as, for example, where the weight of the article remains to be determined and the price fixed. (Page 133.)

3.  SAME—Where the testimony establishes that the owner of a chattel offered it for sale, but does not establish that the other accepted it, the sale was never completed. (Page 134.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

*Thos. C. Trimble, Jr.,* for appellant.

FRAUENTHAL, J.  This is a replevin suit, which was instituted by the plaintiff, W. R. Priest, against the defendant, E. R. Hodges, for the recovery of the possession of a mule The plaintiff claimed the property by virtue of a mortgage which had been executed to him by one W. I. Rainey, to secure the payment of a note for $40 and interest. The defendant claimed to be the owner of the property by purchase from parties who had obtained it from said mortgagor; and upon his motion W. I. Rainey was made a party defendant to the suit. The defendants admitted the execution and validity of the mortgage and note, but alleged that all the indebtedness mentioned in the mortgage, except five dollars, had been paid, and in their answer made tender thereof. They also alleged that plaintiff had released the mule from the mortgage. The jury returned a verdict for the defendants; and from the judgment rendered thereon plaintiff prosecutes this appeal.

The only question presented by this appeal is whether or not there is sufficient evidence to sustain the verdict of the jury. The only witnesses who testified in the case were the defendant, Rainey, and the plaintiff, Priest.  We must, in determining whether there is sufficient evidence to sustain the verdict, take that view of it which is most favorable to the defendants.

From the testimony of the defendant Rainey, it would appear that he executed the note and mortgage to plaintiff, and that the mortgage conveyed the mule in controversy and one bale of cotton. On December 24th Rainey brought to town a bale of cotton and threw the same on the scales on the platform at the depot where the plaintiff had his cotton weighed. He supposed that the scales were public scales, thought plaintiff had his cotton weighed there. He then went to plaintiff's store and spoke to plaintiff of the cotton; and plaintiff, being busy with his customers, told him that he could not attend to it. He then left and returned the same evening in order to weigh the cotton, but plaintiff was still busy, and nothing was done or said relative to the cotton. During the night the depot and cotton were destroyed by fire. No weight of the cotton was taken, and no price for the cotton was mentioned, and plaintiff did not see the cotton, so far as the testimony shows, nor did plaintiff tell Rainey where to put the cotton, and he did not speak to him relative to it, except to tell him that he had no time to attend to the matter. A few days before he brought the bale of cotton in, Rainey told plaintiff that he had traded the mule, but that he still had the cotton; and the plaintiff then told him that the cotton was what he wanted, and that if he would bring him the cotton and pay the indebtedness before Christmas he would knock off the interest. This is the entire evidence in its most favorable aspect for defendants. From this we do not find any evidence which sustains the contention that plaintiff released the mule from the mortgage. Rainey traded the mule before speaking to plaintiff about it, and after he had thus traded he then told him that he had traded it, and in order to placate him told plaintiff that he still had cotton. The plaintiff did not say that he consented to the trading of the mule; but, like one who had by this information become anxious for the payment of his debt, he told Rainey that if he would bring him cotton and pay the debt he would knock off the interest. Neither by his words nor his acts did plaintiff indicate that he gave his consent to the trading of the mule which had been done by Rainey, or that he released the mule. The above was all the testimony of any conversation or circumstance relative to the release of the mule; and we do not

think that it is sufficient to sustain a finding that plaintiff released the mule from the mortgage.

It is contended by defendants that Rainey paid the mortgage debt. The only payment that it is claimed that he made is by the alleged sale of the bale of cotton to plaintiff. The undisputed evidence is that the amount of the debt was $40 and some interest. There is no evidence at all as to the weight of the bale of cotton or as to its quality or value. There is no testimony showing whether it was worth the amount of the debt. It is true that the answer of defendant tenders the sum of five dollars, which he claims he still owes on the indebtedness, but there was no testimony as to this. So that, even if Rainey sold the bale of cotton to plaintiff, the evidence is not sufficient to show that the mortgage indebtedness was thereby paid in full.

The question now recurs as to whether or not Rainey sold the cotton to plaintiff. It is an elementary principle of law that it is essential to the sale of a chattel, like in every contract, that there must be a meeting of the minds and an agreement by both of the parties to the sale and purchase; that is to say, upon the one part there must be an intention and offer to sell, and on the other part an acceptance of such offer and an intention to buy. The intention of the seller to sell and his offer of the property is not alone sufficient to constitute a contract of sale; the purchaser must also intend to buy and also accept the offer, before there can be a completed sale. So that in determining whether the title to a chattel has or has not passed the primary consideration is the intention of the parties and the assent of both parties to the sale. 24 Am. & Eng. Enc. Law (2d Ed.) 1047; *Ketchum* v. *Duncan,* 96 U. S. 659.

It is urged by counsel for appellant that when something remains to be done as between the vendor and vendee in relation to the chattel the title will not pass; and so it is urged in this case that, inasmuch as the quantity and price of the chattel were not agreed on, it was necessary, before the title passed, that the cotton should have been weighed and the price determined. This is correct in cases where by the contract or from the intention of the parties there remains something to be done as between the vendor and vendee of personal property, as, for instance, to ascertain the quantity or the price of the

chattel. But if it clearly appears that it was the intention of the parties that it should be deemed and considered that the property has been delivered and the ownership of the property has been abandoned by the one and accepted by the other, and the title has actually passed, then such intention will govern, although there remains something to be done to determine the total quantity or value of the article. *Fagan* v. *Faulkner*, 5 Ark. 161; *Chamblee* v. *McKenzie*, 31 Ark. 155; *Gans* v. *Holland*, 37 Ark. 483; *Shaul* v. *Harrington*, 54 Ark. 305; *Lynch* v. *Daggett*, 62 Ark. 592.

In this case the testimony of Rainey, the seller, indicates that he considered it necessary to weigh the cotton, because on the morning when he brought the cotton in he placed it at certain scales and then went to see the plaintiff about the weighing of it, and, finding the plaintiff unable to attend to the matter, he left, and then returned in the evening in order to weigh the cotton. So that his testimony would indicate that it was the intention of the parties that the cotton should be weighed before the completed sale thereof should be made.

But, although this should be considered persuasive and not conclusive in the case, still there is another element necessary to a completed sale which is lacking in this case. It is essential that there must be an intention on the part of the alleged vendee to accept the property before the title passes. It is not sufficient to show that the vendor has performed all that he can do, that he has been willing to or has placed the property in such position as to turn it over to the vendee; but it is necessary to go farther and show by evidence that the vendee has actually accepted the property. And, until the alleged vendee does some act or evinces an intention to appropriate or accept the property, the same will be and remain at the risk of the vendor. *Kaufman* v. *Stone*, 25 Ark. 336; *Jones* v. *Pearce*, 25 Ark. 545; *Tiernan* v. *Jackson*, 5 Pet. 58.

Now, in this case there is no testimony or circumstance going to show that the plaintiff accepted the cotton or considered the cotton as belonging to him, or intended that the title should be in him. The evidence of the appellee is to the contrary. By his testimony it is shown that plaintiff never saw the cotton, that the only thing said about the cotton was rel-

ative to weighing it, and that he declined paying any attention to it. This shows that the plaintiff not only did not accept the bale, but intended that some other act should be done before he did accept it. It shows that plaintiff did not assume ownership over it, but indicates that he intended that it should be weighed and the price fixed before he did assume ownership over it. The evidence shows that Rainey did not abandon his control over the cotton, because he left with the intention of returning in order to weigh the property and then to make all necessary transactions relative to the completion of the sale of the bale of cotton. But, no matter what the intent of Rainey may have been, the evidence in the case wholly fails to show that the plaintiff accepted the property, or that he intended that the ownership thereof should be in him. The evidence therefore does not show such a delivery as to pass the title to the property to the plaintiff. The simple hauling of the cotton to the depot platform and there placing it on the scale was not sufficient. The evidence must further show that the plaintiff also accepted the cotton, and intended that it was then his property. There is no evidence that shows this. Giving the evidence its strongest probative force in favor of the appellees, it does not show that there was a completed sale of the bale of cotton.

It follows therefore that there is not sufficient evidence to sustain the verdict of the jury.

The judgment is reversed, and the cause remanded for a new trial.