S. F. BOWSER & COMPANY *v*. MARKS.

Opinion delivered October 10, 1910.

SALES OF CHATTELS—AGREEMENT UPON PRICE.—Though the price is one of the essential elements in a contract of sale, if the parties have agreed to all the other elements of the sale, and have made no reference to the price, the law by implication will fix the price, which will be what the article is then reasonably worth.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; reversed.

*W. D. Brouse,* for appellants.

When, on September 17, appellants notified appellees of the acceptance of their order, the offer and acceptance became a binding contract. 24 Am. & Eng. Enc. of L. 1030; 47 Ark. 519; Clark on Contracts, 42, 43; Lawson on Contracts, 21. The railway company, on delivery of the goods to it, became the agent of the purchaser. 51 Ark. 137, and cases cited.

Appellees, *pro se.*

The minds of the parties failed to meet on one of the essential elements of the contract—the price of the goods. There was no completed sale. 90 Ark. 131; 35 Cyc. 62, and notes. When informed by appellants of the advanced price charged, before the receipt of the goods, appellees had the right to rescind. 17 L. R. A. 558; 4 Ark. 467; 15 Ark. 286; 25 Ark. 192. Appellants should have informed appellees of the advanced price before shipment. 35 Ark. 483. Appellees had the right to rescind because of the mistake in the price of the goods. 66 Ark. 448; 78 Ark. 586; 90 Ark. 78.

FRAUENTHAL, J. This was an action instituted by the appellant to recover the purchase price of an oil tank and pump which it alleged it sold to the appellees. The appellant was located at Fort Wayne, Indiana, and was engaged in the manufacture and sale of oil tanks and pumps and other wares; and the appellees were merchants located at Sheridan, Arkansas. On September 15, 1908, appellees made a written offer to purchase from appellant an oil tank and pump by the following letter:

"Sheridan, Ark., September 15, 1908.
"S. F. Bowser & Co.,
    "Fort Wayne, Ind.

"Gentlemen: Please ship me at once one sixty-five gal. oil tank and pump. I bought one of these tanks of you in 1906. Now I would like to have another one.

"Yours truly,
"F. K. Marks & Co."

Upon receipt of said letter on September 17, 1908, appellant wrote to appellees, accepting the order and stating that it would make immediate shipment. Thereafter appellant promptly shipped the oil tank and pump by delivering same to a common carrier properly addressed to appellees, and also sent them bill of lading therefor and a statement showing that the price thereof was $55. Thereupon appellees wrote to appellant that they had paid $45 for the tank and pump of the same kind bought from it in 1906, and that they refused to pay $55 for this last tank and pump. Some further correspondence passed between the parties relating to the price of the tank and pump, and the appellant refused to reduce the price from $55. In the meanwhile the article had arrived at Sheridan, Arkansas, and remained with the common carrier during the correspondence. On November 21, 1908, appellees reshipped it to appellant, and notified it of that action. The appellant refused to accept the return of the property, and so notified appellees, and thereupon brought this suit for said $55.

The appellant introduced testimony tending to prove that the cost of the material of which the tank and pump was manufactured in 1906 had advanced, and that $55 was the current price at which it was sold in September, 1908. The case was tried by the court sitting as a jury, who, among others, made the following declarations of law:

"4. Where the minds of both parties have not met as to price and terms, then there is no sale, and the plaintiffs cannot recover."

"5. The oil pump and tank being shipped to the defendants by the plaintiffs without any agreement as to price, and the price being increased since the defendants previously ordered the same kind of goods from the plaintiffs, and the defendants

returned the goods to the plaintiffs within a reasonable time, refusing to accept them at the advanced price, then the plaintiffs cannot recover."

The court thereupon made a finding in favor of appellees, and rendered judgment in their favor.

The question involved in this case is whether or not the parties had entered into a contract for the bargain and sale of the pump and tank. The appellees contend that the contract was not entered into because the price of the article had not been agreed upon, and that on this account there was no mutual assent to one of the essential terms of the alleged contract. The price is one of the essential elements involved in the agreement to make a contract of sale, and there must be an agreement of the parties to the price, either express or implied, before there can be a completion of a sale. But it is not necessary that the price be expressly stipulated by the parties. If the parties have agreed to all the other elements of the sale and have made no reference to the price, then the law will by implication fix the price, which will be what the article is then reasonably worth.

A contract not only includes the things said or written, but also terms and matters which, though not actually expressed, are implied by law, and these are as binding as those actually written or spoken. In his work on Sales Mr. Benjamin says:

"If nothing has been said as to price when a commodity is sold, the law implies an understanding that it is to be paid for at what it is reasonably worth. In *Acebal* v. *Levy* (10 Bing. 376), the Court of Common Pleas, while deciding this to be the rule in cases of *executed* contracts, expressly declined to determine whether it was applicable to *executory* agreements. But in the subsequent case of *Hoadly* v. *McLaine* (10 Bing. 482), the same court decided that in an executory contract, where no price had been fixed, the vendor could recover, in an action against the buyer for not accepting the goods, the reasonable value of them; and this in the unquestionable rule of law. Benj. on Sales (7 ed.), § 85. See also 1 Mechem on Sales, § 207; Tiedeman on Sales, § 47; 35 Cyc. 101; 24 Am. & Eng. Enc. Law, 1036; *Shealey* v. *Edwards*, 72 Ala. 175; *Taft* v. *Travis*, 136 Mass. 95; *Lovejoy* v. *Michels*, 13 L. R. A. 770.

By their letter of September 15, 1908, the appellees made an unconditional offer to purchase the oil tank and pump, and this offer was accepted by appellant. No price was fixed or mentioned, and the law read the price into the offer. The agreement then became mutual, and the contract of sale completed. And when, in pursuance of such contract, the appellant delivered the tank and pump to a common carrier in the usual course of business, properly addressed to appellees, the title to the property passed to them, and they became liable for the reasonable value thereof at the time of the acceptance of the offer to purchase.

It is urged by counsel for appellees that there was a mistake in the price made by the parties, and that on this account the contract was not assented to by both, and therefore was not effective. It is contended that the appellees understood the price to be $45, and that appellant understood it to be $55. It is true that the appellees may have entertained an unexpressed intention to pay only $45 for the tank and pump. But an agreement is established by the words used, and the law imputes to the parties a meaning corresponding to those words. An unexpressed state of mind of one of the parties cannot affect the agreement as established by the words that are employed. In this case there was no dispute or disagreement about the price, and no misunderstanding by either party thereto. There was simply no reference made to the price. It cannot be said therefore that there was any mistake made as to the price. The fact that appellees had purchased the same kind of article at a certain price in 1906 could not determine the price thereof in 1908. If they had intended to make the offer of purchase at the price paid in 1906, they should have made an express stipulation in their offer to that effect. Failing to name any price, the law implies that they intended to pay for the oil tank and pump the price that it was reasonably worth; and as to such an article as this that would be the current selling price thereof at the time the offer to purchase it was accepted.

The court therefore erred in its declarations of law.

The judgment is reversed, and the cause remanded for a new trial.