## SUMMIT LUMBER COMPANY v. SHEPPARD.

### Opinion delivered January 22, 1912.

1. SALES OF CHATTELS—WHEN BINDING.—A contract of sale is binding and valid, although it does not in terms fix the price, if it furnishes a criterion for determining same, and leaves nothing to be determined by future agreement or negotiation between the parties in relation thereto. (Page 90.)

2. SAME—WHEN BINDING.—Where a contract of sale leaves something to be done as between the vendor and vendee, as to ascertain the amount, quantity or price, before the title shall pass, the sale would not be complete; but if the title actually passed, the sale is binding, though something remains to be done to determine the total quantity of the property sold or the total price thereof. (Page 91.)

3. SAME—WHEN BINDING.—A contract for the sale of growing timber is valid where it provided for the sale thereof for a fixed price per thousand feet, allowed five years to cut same, and stipulated that the vendee should pay to the vendor the balance due for standing timber "as shown by estimate of remaining said timber," as the contract fixed a criterion for making certain the price to be paid for the timber left standing. Page 92.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*Powell & Taylor,* for appellant.

The unexecuted portion of the contract is incapable of enforcement for uncertainty, indefiniteness and want of mutuality, in that no method is provided in the contract for ascertaining the price to be paid for the timber left standing on plaintiff's land.

The contract reflects no specific agreement as to the price per thousand feet of the timber uncut at the expiration of the five years, and it also fails to define in what manner the estimate shall be made, and the method of the estimate. 35 So. 919; 1 L. R. A. 380; Fry, Spec. Perf. 163; 34 S. W. 300; 101 N. W. 682; 60 N. W. 784.

*J. B. Moore,* for appellee.

The contract is sufficiently certain and definite in its terms to show that appellee sold all the merchantable pine timber of twelve inches and over in diameter at the stump growing on the lands described in the contract; the price is fixed at $1.00 per thousand feet, log scale, to be paid, as the timber was cut, on the 10th of each month; the limit for cutting is fixed at five years, and at the expiration of the five years all timber remaining uncut to be paid for at the contract price ($1.00 per thousand feet) on an estimate of the log scale of the number of feet remaining uncut.

On these essentials, the minds of the parties met, and it left nothing undetermined except the quantity of timber, expressed in feet, left uncut, and that could be determined by such measurement as was in accordance with the custom and usage among timber men, by any one experienced in such measurements.

FRAUENTHAL, J.   This is an action by J. M. Sheppard, the plaintiff below, to recover a balance which he claims was due him for the purchase money of a body of timber sold by him to defendant.   On October 25, 1902, plaintiff executed a timber deed whereby he did "grant, sell, convey and deliver" to defendant all of the merchantable pine timber of specified dimensions standing and growing upon certain described lands in Union County.   The written contract of sale or conveyance contained the following provision: "Party of the second part agrees to pay on the 10th of each month one dollar per thousand feet on the timber cut on said lands during the previous month, as shown by the log scale.   And further, if at the expiration of five years from this date any of said timber included herein has not been cut from said lands, then the said party of the second part, or their successors and assigns, shall pay to the party of the first part, their heirs, executors, administrators or assigns, the balance due on said timber as shown by estimate of remaining said timber.   The said party of the second part to have one year longer to remove said timber under this contract remaining at the end of five years."

By virtue of said contract of purchase, the defendant began to cut and remove the timber from said lands at the date of the execution thereof, and continued until in October, 1907,

when it ceased cutting same.   The testimony on the part of the plaintiff tended to prove that when defendant ceased cutting there remained standing on said land a body of timber of the kind and dimensions mentioned in said contract.   After October, 1908, plaintiff had said standing timber inspected, measured and estimated, and according to the testimony of the party inspecting same the timber thus left standing on the land amounted to 235,000 feet.   It appears that during the time defendant was cutting the timber from the land it made payments for the timber actually cut in compliance with the terms of said contract, but it did not make any further payments to plaintiff therefor nor any payment for the timber left standing on the land.   Thereafter, plaintiff demanded from defendant the sum of $235, being the amount of the timber which he claimed was left standing on the land, at one dollar per thousand feet.

The case was tried by the court sitting as a jury, who made finding for the plaintiff for the amount sued for, and rendered judgment in his favor therefor.

There are several assignments of error made by defendant in its motion for a new trial, but only one of these is urged by its counsel upon this appeal as a ground for reversing the judgment.   The defense urged is that there is no method provided for in the contract of ascertaining the price to be paid for the timber left standing on said land, and for this reason the provision in the contract relative to said standing timber is not binding and enforecable.

The principles of law that are applicable to ordinary sales of chattels are, we think, applicable to the contract of sale of the timber involved in this case.   One of the essential elements of a contract of sale is the price; and, in order to constitute a binding sale, the price must be agreed upon.   In Tiedeman on Sales, § 45, it is said:   "So important an element in the sale is the price that a failure to stipulate or agree upon the price would always prevent the completion of the sale." 1 Mechem on Sales, § 209;   Benjamin on Sales, § 69;   *Cage* v. *Black*, 97 Ark. 613.

While there can be no completed contract of sale if the price to be paid is not certain and agreed upon, yet if some guide or method is agreed upon by which such price can be found with

certainty, then this will be sufficient to make a binding contract.   A contract of sale is binding and valid, although it does not in terms fix the exact price, if it furnishes a criterion for determining same and leaves nothing to be determined by future agreement or negotiation between the parties in relation thereto.   1 Mechem on Sales, § § 209, 210.

In determining whether or not a binding contract of sale has been made, the primary consideration is the intention of the parties.   If it appears from the contract or the plain intention of the parties that there remains something to be done relative to the property as between the vendor and the vendee—as, for example, to ascertain the amount, quantity or price thereof—before the title thereto shall pass, then the sale would not be complete and binding.   In such event the title to the property would not pass, and therefore no corresponding obligation to pay therefor would be assumed.   On the other hand, if from the contract it clearly appears that it was the intention of the parties that the title to the property was actually passed and the ownership thereof transferred by the seller to the purchaser, then the contract of sale will be mutually binding and effective, although there remains something to be done in order to determine the total quantity of the property sold, or the total price thereof.   *Chamblee* v. *McKenzie,* 31 Ark. 155; *Gans* v. *Holland,* 37 Ark. 483; *Shaul* v. *Harrington,* 54 Ark. 305; *Lynch* v. *Daggett,* 62 Ark. 592; *Priest* v. *Hodges,* 90 Ark. 131.

Where the property sold is identified, and a method is agreed upon for determining its price, then the mere fact that the total amount of such price is not definitely fixed in the contract will not render the sale incomplete or ineffective. In the case of *Adams Mining Co.* v. *Senter,* 26 Mich. 73, it was claimed that a contract for the sale of lumber was not binding because the total price thereof was not definitely fixed therein. In that case it was said:   "The whole property being identified and sold at a fixed price per foot, the process of ascertaining the amount was not essential to passing title, as it might have been if less than the whole amount delivered was to be sold and separated by measurement.   In that case the measurement might be necessary to fix the property sold; but where all is sold no such process is needed to pass title.   The ascertainment of

the price was a mere mathematical computation, involving no further action to bring the minds of the parties together." *Ober* v. *Carson,* 62 Mo. 209; *McConnell* v. *Hughes,* 29 Wis. 537.

In the case at bar, the plaintiff sold to defendant all the merchantable pine timber located on specified land, and by the written contract conveyed and delivered same to it.   By virtue of this contract, the defendant obtained a title to or an estate in the timber, which it could assert and enforce, including the right to enter on the land for the purpose of removing it.   *Liston* v. *Chapman & Dewey Land Co.,* 77 Ark. 117; *Earl* v. *Harris,* 99 Ark. 112.

A definite method was fixed for ascertaining the price to be paid for the timber.   The contract price was one dollar per thousand feet on all the timber.   The amount of the timber which was actually cut was to be determined by measurement according to log scale.   The amount of the timber left standing after five years from the date of the contract was to be determined by estimate—that is, by a measurement made by some one sufficiently experienced to ascertain the number of feet in standing timber.   The total price of all the timber became, from such measurement, a mere matter of computation, and could easily be made definite.   We think that the plain meaning of this contract is that the defendant was to pay one dollar per thousand feet for all the timber; that the timber cut by it should be measured by the log scale, and that, by the use of the word "estimate" relative to the standing timber, was meant that the amount of such timber should be ascertained by one able to measure standing timber.   The contract therefore fixed a criterion for making certain the price which was to be paid for the standing timber, and contained every essential ingredient of a sale to make it binding upon both parties.

Counsel for defendant rely upon the case of *Louis Werner Sawmill Co.* v. *O'Shee,* 35 So. Rep. 919, to sustain its contention that the price was not certain.   But we do not think that the terms of the contract involved in that case are similar to the provisions of the contract in the case at bar relative to the price.   In that case the contract was in effect only an offer to sell certain land at a price which was to be fixed or agreed upon in the future by estimators or agents of the contracting parties.   The contract was by its terms only optional; but, in

addition to that, there was no guide named in the contract by which the price was to be fixed. The amount thereof was to be determined by the quantity of timber upon the land at $1.50 per thousand feet. The amount of the timber was to be arrived at, according to the contract, by two estimators, one to be chosen by each party. That was a contract in which the price in effect was afterwards to be fixed by appraisers or valuers. In such case, if the valuers representing the parties failed to fix the price, the sale would be incomplete; and this is what resulted in the case cited. In that case the price was to be fixed in the future, by the agreement of the parties, represented by these estimators; and they did not agree. In the case at bar, there was to be no agreement or negotiation in the future between the parties as to the price. According to the contract in this case, defendant was to pay one dollar per thousand feet for the timber left standing; and the amount thereof was to be determined by measurement. The amount of the standing timber was not to be determined by any future agreement between the parties, but by an actual measurement made by them. If both made measurements and they differed as to the amount of the timber, then a jury would be required to decide which measurement was correct. The price would thus be made certain without any further negotiation between the parties; and this was the effect of the provision relative to the price contained in the contract involved in this case.

Finding no error in the judgment of the court, it is accordingly affirmed.