### DILBY *v.* CORBELL.

Opinion delivered June 24, 1912.

SALES OF CHATTELS—ESSENTIALS OF CONTRACT.—Though the parties to a sale did not agree upon the price to be paid therefor, there was an executed contract of sale where all the other elements constituting the sale were agreed upon.

Appeal from Howard Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit by Dilby against J. T. Corbell to recover a cultivator and attachments alleged to be worth $5.00.

T. A. Kavener, a witness introduced by plaintiff, testified as follows: "I bought a cultivator from Mr. Bobo for Mr. Dilby. I went over and looked at the cultivator; then I came to town and saw Mr. Bobo at Lowenberg's store, and I asked him if he had sold that cultivator out there, and he said, 'No.' He said: 'Corbell contracted for it, but I am not going to wait on him any longer; the first man who will pay me

$5.00 for it can have it.' I moved the cultivator the morning I went over there and looked at it, and after that paid Bobo $5.00 for it. He accepted the money and told me where the pieces were that went with it. I gathered them up and piled them on top of the cultivator. This purchase was made about the last of January, 1912."

The defendant testified in his own behalf as follows: "Somewhere along about Christmas week Mr. Bobo had an old cultivator which he wanted to sell. I met him one day and said, 'I will take that cultivator,' and he said, 'If you want it you can have it,' and I said, 'I have some cotton I have not sold, and if it suits you to wait until I sell that cotton I will buy the cultivator,' and he said, 'All right, just take it.' He said, 'I will tell you where the pieces that belong to the cultivator are; there are a couple of twisters down by the oak tree and a couple of sweeps down by the road, and a single-tree, and you can go and get them and the money part will be all right.' I says, 'All right then; I will take them.' That was the contract Mr. Bobo and I made three or four weeks before this other sale, and Mr. Bobo never from that day until this told me that I couldn't have the cultivator. I never intimated to a soul on earth that I was not going to take the cultivator. However, I had not taken the cultivator home. I never paid Mr. Bobo any money. I offered him his money according to the contract, but not until after Dilby had bought the cultivator. I sold the cotton on Friday, came to town on Saturday and learned that Dilby had run in here and given Mr. Bobo his money. I went and offered Mr. Bobo the money according to our agreement when I bought the cultivator. I says, 'Here is your $5.00.' Mr. Bobo didn't take the money. He said he had $5.00 that Kavener had given him. He said that Kavener had come and got the cultivator."

The court instructed the jury, to which no objections are urged here. The jury returned the following verdict: "We, the jury, find for the defendant. Jno. W. Reece, Foreman." The court thereupon asked the jury, "Is that your verdict, gentlemen?" The jury answered in the affirmative, and were discharged.

In his motion for a new trial the plaintiff set up that the verdict was contrary to the evidence, and that the verdict

of the jury was really in favor of the plaintiff Dilby, but by mistake the foreman wrote the verdict for the defendant. The motion for a new trial had attached to it the affidavit of seven jurors, supporting the ground that the verdict was rendered in favor of the defendant through mistake of the foreman in writing the same for the defendant when he should have written it for the plaintiff. The cause was submitted, by agreement, to a jury of eight, and there was a counter affidavit by the eighth juror to the effect that the verdict was written as he understood and intended it should be, and that there was no mistake, as far as he was concerned.

The court overruled the motion for a new trial, and this appeal has been duly prosecuted.

*Sain & Sain* and *T. D. Crawford,* for appellant.

1. The price must be agreed upon in a sale of a chattel. If not, there is no sale. 102 Ark. 88; Tiedeman on Sales, § 45; 97 Ark. 618.

2. The verdict as delivered was never agreed upon by the jury, and a new trial should be granted. Kirby's Dig., § 2423; 37 Ark. 519; 35 Ark. 109; 1 Burrow's Rep. (K. B.) 383; 16 Gray (Mass.) 364; 71 Fed. 826; 55 N. J. L. 386; 123 Wis. 19, 6 Gratt. (Va.) 219; 119 N. Y. 166; 63 N. Y. 361; 15 John. 309; 2 Me. 37; 63 *Id.* 493; 32 N. Y. App. Div. 248; 94 Ill. App. 544; 1 Washington (Va.) 79; 15 Ark. 403, 410.

These authorities establish that where a jury by mistake agree on a particular verdict, the court will set aside the verdict and order a new trial. There was no verdict.

*W. C. Rodgers,* for appellee.

1. A sale is complete, though something is still to be done by the vendor. 62 Ark. 592; 96 Ark. 113. The price need not be fixed. 102 Ark. 88. There was ample evidence of an agreement as to price. Every possible inference will be indulged in to sustain the judgment of the lower court.

2. A verdict can not be impeached by the affidavit of jurors. Kirby's Dig., § 2423; 48 Ark. 408; 67 *Id.* 266, 272; 70 *Id.* 244; 37 *Id.* 266, 35 *Id.* 109, 113.

3. If the evidence supports the verdict, this court will

not disturb the finding. 91 Ark. 108; 82 *Id.* 260; *Ib.* 172; 80 *Id.* 249; 79 *Id.* 603; 76 *Id.* 255; 73 *Id.* 187.

Wood, J., (after stating the facts). In *S. F. Bowser & Co.* v. *Marks*, 96 Ark. 113, the appellee wrote appellant as follows: "Please ship me at once one sixty-five gallon oil tank and pump. I bought one of these tanks of you in 1906. Now I would like to have another one." The question in that case was whether or not the parties had entered into a contract for the sale and purchase of the pump and tank. The court said: "The appellees contend that the contract was not entered into because the price of the article had not been agreed upon, and that on this account there was no mutual assent to one of the essential terms of the alleged contract. The price is one of the essential elements involved in the agreement to make a contract of sale, and there must be an agreement of the parties to the price, either express or implied, before there can be a completion of a sale. But it is not necessary that the price be expressly stipulated by the parties. If the parties have agreed to all the other elements of the sale and have made no reference to the price, then the law will by implication fix the price, which will be what the article is then reasonably worth."

It is contended by appellant that there was no agreement in this case as to the price of the chattel in controversy, and that therefore there was no executed contract of sale. Even if it be conceded that there was no agreement as to the price, the testimony clearly shows that the vendor, Bobo, and the vendee, Corbell, had agreed to all the other elements constituting the sale, and hence the case at bar is ruled by the case above cited.

The appellant's only witness, Kavener, testified that when he made the alleged purchase for appellant, Bobo said, "Corbell contracted for it, but I am not going to wait on him any longer," thus showing that Bobo recognized the fact that he had made a contract of sale with Corbell.

In the above case the court quotes from Mr. Benjamin on Sales as follows: "If nothing has been said as to price when a commodity is sold, the law implies an understanding that it is to be paid for at what it is reasonably worth."

In the cases where the vendor and vendee, having had the

price under consideration, differ as to the price that was to be paid, or where there is a mutual mistake as to the price for which the chattel is sold, then there can be no completed contract of sale, because the minds of the parties have not met upon an essential element and completed the sale and purchase.

In *Cage* v. *Black*, 97 Ark. 613, relied on by the appellant, it was held that there was a mutual mistake as to the price at which the article was offered and accepted.

In *Summit Lumber Co.* v. *Shepherd*, 102 Ark. 88. 274, the parties differed as to the construction of a written contract which purported to state the method by which the price of the article in the alleged sale was to be ascertained. The appellant also relies upon this case to sustain his contention; but a reading of these latter cases in connection with the facts will discover that they have no application to the case at bar. Here there was no disagreement between the vendor and the vendee as to the price. Even if appellant's contention in this respect were correct, under the uncontradicted evidence of the appellee, Corbell, an agreement would be implied upon the part of the latter to pay Bobo what the chattels in controversy were reasonably worth. *S. F. Bowser & Co.* v. *Marks, supra.*

But, in our opinion, the uncontradicted evidence shows that the vendor and the vendee did agree upon the price of $5.00 to be paid for the chattels in controversy. Concerning this Corbell says: "According to our agreement, when I bought the cultivator, I says, 'Here is your $5.00.'" This shows that the agreement between him and Bobo was that he was to pay $5.00 for the cultivator. The terms of the contract of sale were agreed upon between the parties, and nothing remained to be done to complete the sale between the vendor and the vendee which was entered into prior to the alleged sale under which the appellant claims title.

We are therefore of the opinion that the judgment, under the undisputed evidence, is correct, even though there may have been a mistake as to the verdict of the jury, and it is unnecessary to pass upon that question. Finding no prejudicial error, the judgment is affirmed.