H. T. BLOUNT, et al, *Appellants* v. VIRGINIA POPE BOST, a lunatic, by W. J. LEWIS, her guardian, *Appellee.*

Division B.

Opinion filed April 2, 1929.

450

*Shipp, Evans & Kline,* for Appellants;

No appearance for Appellee.

WHITFIELD, P. J.—A lunatic widow, Virginia Pope Bost, by her guardian, brought suit to have dower assigned her in lands of which it is alleged her deceased husband, W. L. Bost "was seized in fee" during coverture and which he conveyed to H. T. Blount who conveyed to R. L. Shipp as trustee. It is alleged that the insane widow "has at no time released or relinquished her right of dower in and to the above described property, nor have proceedings been had for the relinquishment of her said dower as an insane married woman in compliance with the Statutes of the State of Florida in such cases made and provided."

The amendment answer of R. L. Shipp adopted by H. T. Blount as his answer, denies that W. L. Bost was ever at any time the true legal owner of the property, "but on the contrary says that on August 6, 1924, the Realty Securities Corporation executed to said W. L. Bost its certain contract or agreement for the sale of said property (unimproved) for the sum of $275.00 (the contract made a part of the bill and the motion to strike shows $575.00), on the payment of $60.00 cash and $15.00 per month thereafter, together with interest at 8% per annum, payable semi-annually; that during the life of said contract and prior to the time that the said W. L. Bost had made the payments, or had secured any deed or other written evidence in reference to the title to said property other than that set forth in the said contract, H. T. Blount agreed to take the property as it then stood (on which a small building had been partially erected by W. L. Bost)

for $2,000.00; that Blount actually paid to Bost $500.00 cash, had the title examined, extinguished the liens by payments, and paid the Realty Securities Corporation the balance due it of $364.93; that the realty corporation gave a deed to Bost and concurrently therewith, and at the same time, Bost executed a deed to Blount. The court struck material portions of the answer and defendants Blount and Shipp appealed.

The statutes provide for dower rights of the wife in "all the lands, tenements and hereditaments of which her husband died siezed and possessed, or had before conveyed whereof she had not relinquished her right of dower as provided by law," and also provide for the relinquishment of dower rights of insane married women. Secs. 3629, 3807 et seq., Rev. Gen. Stats. 1920; Secs. 5493, 5680 et seq., Comp. Gen. Laws 1927.

By exercising ownership under the contract of purchase in erecting a building on the land and the payment of a substantial part of the purchase price, Bost became beneficially "siezed and possessed" of the land under an equitable title followed by the acquisition of the legal title, and the land became subject to the dower rights of the wife of the owner. Such dower rights not having been relinquished or extinguished, the widow may have her rights enforced.

In Inglis v. Fohey, 136 Wis., 28, 116 N. W. R. 857, the "husband had no title legal or equitable," at the time he made the contract to sell the land, "but only a mere contract right to purchase," under which no substantial payments were made and no possession obtained, therefore no right of dower existed in that case. Here Bost was seized and possessed of the land under an equitable title and later received the full legal title.

Affirmed.

452

STRUM, AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J., (dissenting).—It seems to me that under the facts set forth in the amended answer, Bost took title as trustee for Blount, who furnished the money, and that to the extent of the trust thus resulting, dower did not attach.