WIGGINTON, Judge.
This appeal is from a final decree can-celling and holding for naught a deed to land given by appellees to the husband of appellant. It is contended that appellees failed to either allege or prove that the deed was procured by misrepresentation and fraud, and that the court erred in entering the decree appealed.
Appellees are the mother and father of Wiley Grantham, Jr., estranged husband of appellant Mary Pearl Grantham. Appel-lees, by warranty deed dated August 18, 1959, conveyed to their son, Wiley Grant- *338 :ham, Jr., a farm in Suwannee County for :the recited purchase price of $85,000.00. The deed contains a clause to the effect that the sum of $10,000.00 of the purchase price was paid in cash upon delivery of the deed, .and the remaining unpaid balance of $75,-■000.00 was agreed to be paid at the rate of $5,000.00 a year beginning on the first of .September, 1960, together with interest at four per cent from maturity. The deed further recites that if default is made in the payment of any two annual installments •of principal then the entire balance of the •unpaid purchase price shall be accelerated .and the vendor’s lien for the unpaid pur■chase money may, at the option of the gran-tors, be foreclosed. The grantee, Wiley ‘Grantham, Jr., and his wife, the appellant, went into possession of the farm under •this deed and held possession for a period •of more than four years. No annual in-stallment of the purchase price was ever -paid by the grantee from the date he received the deed until the day this action was commenced. The complaint filed by appellees alleged that the deed to the farm given by them to their son was procured 'by fraud and misrepresentation, and that there had been a failure of considera-tion. They prayed for a decree cancel-ling the deed, or in the alternative for •foreclosure of the vendor’s lien for the ■full amount of the unpaid purchase price. The grantee, Wiley Grantham, Jr., and his wife, appellant herein, were named as defendants to the action. The husband interposed no defense and a decree pro confesso was entered against him. The wife answered the complaint admitting the ■formal allegations thereof, but denying the allegations which purport to charge fraud and misrepresentation and default in the payment of the sums due under the vendor’s lien. From the final decree cancelling the •deed from appellees to the grantee, Wiley Grantham, Jr., this appeal is taken.
At the outset we deem it appropriate to dispose of the main contention urged by appellees on this appeal. They take the position that the only interest appellant has in the land conveyed by the deed in question is an inchoate right of dower, and that since a decree pro confesso was entered against her husband, the co-defendant, all material allegations of the complaint with respect to fraud and misrepresentation must be accepted as true, and appellant had no standing before the circuit court to question the bona fides of this cause of action, or the correctness of the decree appealed. With this position we are unable to agree. It is our view that appellant’s joinder as a defendant to the action, and the inchoate dower interest she possesses in the land give her a sufficient standing to defend the action and assert every defense to the complaint which may be available under the jurisprudence of this state.[1]
Without burdening this opinion with a detailed recitation of the allegations contained in the complaint filed by appel-lees, or of the evidence adduced at the trial of the case before the court, we are of the view that the complaint fails to allege and the evidence fails to establish facts sufficient to warrant the relief of cancellation on the ground of fraud and misrepresentation. We are of the view, however, that the complaint sufficiently alleges facts warranting a decree granting the alternative relief prayed for therein for foreclosure of the vendor’s lien on account of default in the installments of the purchase price. We are of the further view that there is sufficient evidence in the record which, if believed by the chancellor to be true, would warrant a decree of foreclosure in favor of appellees. We have considered the remaining contentions of appellant but- find them to be without merit.
The decree appealed which cancels the deed of conveyance involved in this action on the ground of fraud and misrepresentation is reversed and the cause remanded with directions that the chancellor reconsider his decision in light of the views ex *339 pressed herein and, enter an appropriate decree disposing of the alternative prayer of the complaint for foreclosure of the vendor’s lien held by appellees.
Reversed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. Blount et al. v. Bost, 97 Fla. 449, 121 So. 472.